## MODICA v MODICA

Ohio Appeals, 9th Dist, Summit Co

No 1942.  Decided Dec 22, 1931

Rockwell, Grant, Thomas & Buckingham, Akron, for plaintiff in error.

Simon Kail, Akron, for defendant in error.

FUNK, J.

Sec 11576 GC specifies the causes for which a judgment may be vacated and a new trial granted during the term. Sec. 11578 GC provides that such motion must be filed within three days after the entry of the judgment, unless unavoidably prevented and on the ground of newly discovered evidence.

Sec 11631 to 11643 GC specify the grounds upon which a judgment may be vacated after term, and provide the proceedings which must be had to bring the matter properly before the court.

We have no statute providing for the vacation of judgments during the term after said 3-day limitation. However, it is a well recognized and established rule in this state and elsewhere that courts of record have inherent power to vacate or modify their judgments during the term on motion of the aggrieved party for good cause shown and that a ground for vacating a judgment after the term would be a good cause for vacating it during the term, and that such rule is applicable in an action for divorce.

It appearing from the record that the defendant was attacking the jurisdiction of the court by reason of improper service of summons upon him, that said attack had not been disposed of at least as of record, that the court had modified the restraining order in relation to property rights and ordered the payment of alimony pending the suit and retained the case for all other purposes, and that defendant had counsel of record, it seems clear to us that the cause had assumed the character of what is known under well-recognized rules of practice as a "contested divorce" action, and that it was not uncontested simply because defendant had not filed an answer.

Under this state of the record, we cannot do better than quote with approval what Judge Sullivan said concerning a somewhat similar situation in the case of **Ready v Ready, 25 Oh Ap 432, at pp. 434 and 435:**

"The cause was heard and the divorce granted, according to the record, without these motions having been decided, and was tried as though it were of the nature of an uncontested case. However, there is a conflict as to this. The filing of the motion created a record which imposed obligations upon counsel with respect to the question of proceeding to the hearing of any material issue, or to the determination of the case finally, without conforming to the traditional custom of notifying counsel of record as to all material steps taken in open court concerning the cause. When counsel becomes attorney of record for parties in litigation, there ensues a judicial duty upon the court, as well as a professional one on the part of counsel, that counsel shall receive due notice, both under the rules and otherwise, as to all essential steps in the case especially arising in open court. This situation existed at the time of the granting of the decree, and it is our judgment that under the record in the case there was an irregularity sufficient in the exercise of sound discretion to vacate the judgment and decree, for the dissolution of the marital tie and family relationship especially demands that the contending parties shall be made fully aware of these vital steps in the course of the proceedings."

This position is strengthened when we consider the nature of an action for divorce, which is strictly statutory and which involves something more than a mere private controversy, as it also concerns the public. For this reason it is treated in Ohio, as well as elsewhere, as a strictly adversary proceeding. In such an action the law does not permit a waiver of service of summons and entry of appearance. The rule day for answer in a civil action §11346 GC has no application in an action for divorce. While the statute—§11986 GC—recognizes that an answer can or should be filed, yet no answer or pleading is necessary to enable a defendant to appear and defend at the trial, in person or by counsel. It is not an action in which a default decree can be taken, but is an action in which plaintiff is required to prove the allegations of the petition by evidence §11986 GC. Moreover, §11988 GC provides that a divorce "shall not be granted upon the testimony or admissions of a party unsupported by other evidence" and that "No admission shall be received which the court has reason to believe was obtained by fraud, connivance, coercion, or other improper means,"—evidently for the reason that in actions for divorce admissions are generally looked upon as collusive and should be carefully scrutinized.

We are therefore clearly of the opinion that if such an action is heard by the court without its being regularly assigned for trial in accordance with the rules of the court and without the defendant being given an opportunity to be present, after the entry of counsel for defendant on the appearance docket or after the filing of a motion or pleading in the case, it is such an irregularity as requires a vacation of such decree as the defendant is thereby deprived of his right to appear and defend and have

his day in court. When the defendant makes such fact known to the court by motion duly filed during the same term of court and duly supports such motion by proper proof, a sound public policy requires the court to regard such procedure as so irregular as to entitle the defendant to a vacation of the decree so entered and an opportunity to have his day in court; and to deny the same is an abuse of the discretion of the court.

Under the undisputed facts and circumstances, as appear from the record and files in this case, we are clearly of the opinion that such irregularity existed in the instant case.

The order of the court overruling the motion to vacate the judgment and decree granting plaintiff a divorce and the custody of the minor children, is therefore reversed and the cause remanded, with instructions to vacate the same and grant the defendant an opportunity to plead and defend.

This holding, of course, carries with it a reversal of any judgment, order or decree made by said court pertaining to alimony and the distribution of the property of the parties after the overruling of the motion to vacate the decree for divorce and custody of minor children.

PARDEE, PJ and WASHBURN, J, concur.