### RAMSEY v HOLLAND

Ohio Appeals, 5th Dist, Stark Co
No. 985. Decided October 17, 1929

Messrs. Burch, Bacon & Denlinger, Akron, for Ramsey.

Mr. Harry Nusbaum, Canton, for Holland.

LEMERT, J.

Abuse of discretion has been defined as some act done or step taken by the court in person or upon request or by an officer thereof, which is not according to the regular course of proceeding and by which a party is deprived of the benefit of a defense without fault on his part.

7 C. C. 72;

20 O. C. C. N. S. 154.

The true rule as to when such abuse of discretion by an inferior Court May be made subject to review by a superior court seems to be that the abuse be shown and a serious injury resulting to the party abused. Where the rules of Court have not been followed by the Court in rendering a judgment and the party aggrieved is deprived thereby of trial, he is not in default by his own appearance and the judgment is erroneous.

89 W. Va. 475.

Where a Court has adopted valid rules for the conducting of its business, litigants may rely upon the Court conducting its proceedings in conformity with such rules and a judgment rendered in violation of a valid rule is properly set aside upon motion by the party injuriously affected thereby."

And where a defendant is excluded from participation in a trial, defendant is entitled to have the judgment vacated as a matter of right.

If there has been an abuse of discretion shown, resulting in a serious injury to a party, the judgment obtained should be vacated.

As the foregoing cases and conclusions would indicate, where there is an abuse of discretion on the part of the trial Court and when there has been serious injury resulting to the aggrieved party, a Court should review the findings of the lower Court.

We note in the present case, as shown by the affidavit attached to the bill of exceptions, that the plaintiff in error only received the notices as it was set forth in the assignment sheet and the earliest hour that appeared on said assignment sheet was nine thirty o'clock A. M. Relying upon this fact, certainly the plaintiff in error should not be penalized for failure to arrive at an earlier hour, more particularly where he arrived at the earliest hour set forth in the notice received by his counsel and he certainly had the right to rely on the rules of the Court, which, among other things, provided that before a default judgment could be taken counsel's office should be called by the Clerk.

But we note further in this case that not only was judgment given to defendant in error for approximately the amount of his claim, but the cross petition of the plaintiff in error was dismissed, thereby preventing him from recovering or having any trial whatsoever.

Therefore, taking into consideration the facts and circumstances hereinbefore referred to, we believe in this case that there was an abuse of discretion on the part of the Court below. We find and believe that it was such an abuse that the judgment obtained by the defendant in error and the judgment rendered against plaintiff in error should be and the same hereby is set aside and the parties be given the opportunity of being heard in Court.

Therefore the judgment of the Court below will be reversed.

Exceptions may be noted.

Houck, J., and Sherick, J., concur.