**HANES et, Plaintiffs-Appellees, v. BLOCK, et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3832. Decided October 15, 1945.

504

David T. Keating, Columbus, for plaintiffs-appellees.
Harry Kohn and William Wasserstrom, Columbus, for defendants-appellants.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

## OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus in favor of plaintiffs and against defendants in the sum of $1000.00 and costs. The cause was submitted to a judge and jury upon the issues drawn by petition and answer and cross-petition.

The petition alleged an express oral contract between the parties whereby the plaintiffs were to operate and conduct a restaurant in the west half and adjoining a cafe in the east half of 1184-1186 West Broad Street, operated by defendants under the name of Bruce Grill and Lunch; that plaintiffs were to own and receive the net profits of the operation of the restaurant, the defendants to own and receive the net profits from the operation of a jute box and weighing scales and cigarette machine.

It is specifically alleged that defendants agreed to, and orally reaffirmed this agreement with plaintiffs, that in the event defendants, at any time, should desire to sell, lease or dispose of the restaurant business at 1186 West Broad Street, they would pay to plaintiffs $500.00 in cash, and give the plaintiffs reasonable notice and reasonable time to leave and

reestablish themselves in the restaurant business elsewhere, without loss.

It is further averred that in the operation of the restaurant plaintiff showed a profit which increased monthly until it amounted to approximately $450.00 for the month of May, 1944; that on or about the 15th of June, 1944, without any warning and without any notice to plaintiffs, defendants made a sale, lease or disposition of the restaurant to a third party and locked the door on plaintiffs on or about the 16th day of June, 1944.

It is further averred that although the plaintiffs have sought to reestablish themselves in the restaurant business at a proper location they will not be able to do so until the 16th day of July, 1944, and they thereby lost in that period of time the sum of $600.00. Further, that "when plaintiffs were locked out and barred from their restaurant by defendants, and when the new party entered therein, stocks, merchandise and supplies of various kinds belonging to plaintiffs were taken over and converted to the use of the defendants and the new party, in the reasonable value of $350.00.

The prayer is for judgment for $1400.00 damages.

The answer admits that plaintiffs were in the employ of the defendants and as compensation for their work and labor received their food and the net amount of cash remaining after payment of costs. They plead full performance of all their obligations under their contract and generally deny every allegation of the petition not expressly admitted.

There is also a cross-petition which it is not necessary to set forth because there is no cross-appeal.

When the cause came on for trial defendant moved to strike from the files the demand for jury trial filed by plaintiffs on February 26, 1945, for the reason that the same is filed untimely and in violation of the rules of this Court, Numbers 21 and 17.

The Court overruled this motion and granted the demand of plaintiffs for jury trial. This action of the trial judge is the first error assigned.

The record discloses that counsel for plaintiffs did not observe that portion of Rule 21 of the Municipal Court which provides that a demand for jury trial shall be filed no later than seven days after the date for filing the answer as fixed by Rule 17.

It is urged that the rule is promulgated under authority of §1579-24 GC, authorizing courts to formulate a rule providing how long before the trial a demand for a jury

should be made. We are cited to **Goldberg Company v Emerman, 125 Oh St 238,** which supports a rule providing how long before the trial a demand for a jury should be made and requiring such demand to be in writing as constitutionally valid. This does not reach our immediate question, namely, were appellants prejudiced by the action of the Court waiving the strict provisions of the rule? The enforcement of rules of court, whether made by reason of their inherent power or under statutory authorization, is uniformly held to be within the sound discretion of the courts.

It would be difficult to hold that the defendants were prejudiced by the action of the Court in permitting the plaintiffs to have their cause submitted to a jury. Sargeant v. Crowley, 7 O. C. C. (N. S.) 227.

We are satisfied that there was no abuse of discretion on the part of the trial judge in overruling the motion of defendants, and that they were not prejudiced by such action.

The second error assigned is misdirection to the jury by the Court in the general charge, and particularly this language: There is in law what is called an implied contract; that is a situation in which parties, by their conduct, give each other to understand that they will do certain things without actually expressing them. If the jury should find that an implied contract resulted from the conduct of the parties, the Court charges you that would be binding upon them." There may be no serious objection to this charge in the abstract but it was entirely inadequate to inform the jury of the law as to the issues of fact which it was required to determine.

Our Supreme Court as early as **Railroad Company v Lockwood, 72 Oh St, 586,** and later in **Telinde v Ohio Traction Company, 109 Oh St, 125,** has held that it is reversible error for the Court to fail to separate and define the various issues of fact in the pleadings.

The bases of plaintiffs' claim and the damages flowing therefrom clearly appear in the petition and the issues of fact thereon were raised by the answer. In view of the testimony it became vital to the rights of the parties that the issues be separated and the controlling law respecting each stated to the jury.

It is probable from this record in its entirety that the plaintiffs were entitled to a verdict in some amount, especially, is this true in view of the fact that neither defendant took the stand to clarify the issues.

The damages were grounded upon the claim, first, that there was an express oral contract between the parties that the plaintiffs were to own and receive net profits from the operation of the restaurant, and, second, that should defendants desire to sell, lease or dispose of the restaurant, they would pay plaintiffs $500.00 in cash and give them reasonable notice and reasonable time to establish themselves in the restaurant business elsewhere, without loss. The first part of this claim was admitted by the answer. The second, denied. The second part of the claim was reasserted in the statement of plaintiffs' counsel to the jury and again in his brief and on oral argument but the record affords no proof whatever of this claim. There is testimony respecting two or three proposals and discussions of the parties but no one of them supports the averment of the contract alleged. It is obvious from the verdict and judgment that the jury awarded to plaintiffs some part of the $500.00 in cash which it is averred defendants agreed to pay them if they decided to sell and dispose of the restaurant business, etc. The jury could not, under the pleadings, consider any of the testimony respecting the loss of profits of plaintiffs because the basis therefore, namely, the express contract, was not established.

If defendants locked plaintiffs out of their restaurant, which fact seems to be established, and if defendants converted to their own use merchandise and foodstuffs belonging to plaintiffs, they were entitled to payment in the reasonable value thereof. The proof of the amount of property converted and its value was not as complete nor specific as desirable, but it probably was sufficient to carry the case to the jury.

It is no help to a jury in fixing value for a witness to say that he had a lot of this and a lot of that in the restaurant.

When and if this case is retried, the issues on the pleadings should be carefully determined by the trial judge and the plaintiffs should be required to conform their proof to the case which they make on their pleadings.

No good purpose would be served in further discussing the variance between the proof and the case made on the pleadings.

Defendants' claim that the Court erred in overruling their motion for judgment non obstante will be denied.

The judgment will be reversed for error in the charge of the Court and because the amount of the verdict is contrary to and manifestly against the weight of the evidence.

MILLER, J., and MONTGOMERY, J., concur.

## ON APPLICATION FOR REHEARING

Decided November 8, 1945.

BY THE COURT:

Submitted on application of appellees for rehearing.

Two grounds are assigned, the first, "The Court * * * erred grievously when it made this statement, 'it is obvious from the verdict .and judgment that the jury awarded to plaintiffs some part of the $500.00 in cash which it is averred defendants agreed to pay them if they decided to sell and dispose of the restaurant business, etc.' " The statement which is challenged is manifestly correct. The total damages prayed in the petition was $1400.00. The verdict and judgment was $1000.00. There was no supplemental petition. Obviously, some part of the $500.00 damages claimed was awarded. Even though the verdict was in such an amount that it would appear that it was $500.00 or more less than prayed, even so, this Court could not determine whether or not it included some part, or all, of the $500.00 damages claimed.

The second ground is that the Court erred in its observation respecting the charge on implied contract. It is not necessary for us to restate our view respecting the charge of the Court. It was fully and carefully considered in our original opinion.

Nothing is suggested in the application which was not passed upon in our former opinion. The application will be denied.

HORNBECK, P. J., MILLER, J., and MONTGOMERY, J., concur.