MYERS, TREAS., APPELLEE, *v.* DUIBLEY ET AL., APPELLEES; GEM CITY BUILDING & LOAN ASSN., APPELLANT.

(No. 2200—Decided November 21, 1952.)

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. W. Edmund Shea,* for plaintiff appellee.

*Messrs. Landis, Ferguson, Bieser & Greer,* for defendant appellant.

*Messrs. Turner & Turner,* for appellee Standard Register Company.

WISEMAN, J. This is an appeal on questions of law from the order of the Common Pleas Court, overruling appellant's motion to vacate a judgment entered in a tax foreclosure action.

On October 19, 1950, a petition was filed by the county treasurer to foreclose a tax lien against a parcel of real estate located in the city of Dayton, Ohio. Numerous parties were named as defendants, including the Gem City Building & Loan Association, hereinafter referred to as the association. On December 14, 1950, the association filed its answer and cross-petition. In its answer, the association admits claim-

ing an interest in the real estate by reason of its mortgage lien, and then avers "but for lack of knowledge of the facts denies each and every other allegation in the petition contained." In its cross-petition, the association sets up the indebtedness, the amount due, the mortgage lien, and in the prayer asks the court to protect its mortgage interest, and, in the event of sale of said real estate, to set aside out of the proceeds of sale, in the order of its priority, the amount due it.

No answer was filed by any of the other defendants.

On January 3, 1951, the plaintiff filed a judgment entry and an order of sale. The real estate was sold by the sheriff at public auction.

On February 26, 1951, a return of sale was made by the sheriff, showing the purchaser to be the Standard Register Company, at the price of $1,025. The entry confirming the sale and ordering distribution was filed March 2, 1951.

The court costs amounted to $311.11, and the tax claim of the county amounted to $1,858.59. The court ordered the costs paid and the balance of $713.89 to be applied on the tax claim.

On March 15, 1951, the association filed a motion to vacate the judgment and order of sale of January 3, 1951, and to vacate the entry of March 2, 1951, confirming the sale and ordering distribution, for the reason that such judgment entry and entry of confirmation were filed without presentation to and without the knowledge of counsel for the association, with the result that the association had no knowledge in advance of such sale, to its prejudice.

A series of hearings was had on the motion to vacate, during which counsel for the association presented additional grounds in support of the motion. The court sustained the motion in part by ordering the order of distribution vacated; in all other respects

the motion was overruled. From that order the association took this appeal.

The appellant has assigned three grounds of error, namely, first, in overruling appellant's motion to vacate the judgment and order of sale filed January 3, 1951, in which the trial court ordered a sale without a hearing on the issues raised by appellant's general denial, without notice to or knowledge of appellant's attorneys of record in the case, and in disregard of certain published rules of procedure of said court; second, in overruling appellant's motion to vacate the sale held pursuant to the court order; and third, in overruling appellant's motion to vacate the order of confirmation of sale filed March 2, 1951, without notice to or knowledge of appellant's attorneys of record, and in disregard of certain published rules of procedure of said court.

Counsel in their briefs have treated the errors assigned as one, and we shall consider them as one.

Tax foreclosure actions are controlled by the legal principles applicable to mortgage foreclosure actions, with certain exceptions which are not material here, by virtue of the provisions of Section 5718-3, General Code, which, in part, provides:

"The proceedings for such foreclosure shall be instituted and prosecuted in the same manner as is now or hereafter may be provided by law for the foreclosure of mortgages on land in this state * * *."

We come now to consider the failure to comply with the published rules of court, which fact is admitted, and the legal effect thereof. Section 1, Rule VII, requires counsel for the prevailing party to prepare the entry and submit it to opposing counsel for approval. Rule VIII provides that counsel shall supply copies of all papers filed in a case subsequent to the petition to each counsel appearing of record. Section 2, Rule XIII,

specifies the days on which the motion docket shall be called, and section 4 of that rule provides that all judgments and orders which are required to be taken at the call of the motion docket must be taken during such call and not afterward. Rule XV provides that entries of confirmation of sales shall be presented to the court on call of the motion docket and only after a motion for confirmation has been filed.

Ordinarily, litigants may rely on the observance by the court of its rules in the conduct of its proceedings, and the failure to do so may constitute an abuse of discretion. *Ramsey* v. *Holland,* 35 Ohio App., 199, 172 N. E., 411. However, a rule of court is not a principle of law, but is of the court's own making, and is not a bar to an act which a sound exercise of the court's discretion dictates, and a waiver of or departure from such rule is not an abuse of discretion. *Sargent* v. *Corbley,* 7 C. C. (N. S.), 226, 18 C. D., 125. This court has held that the enforcement of rules of court is within the sound discretion of the court. *Hanes* v. *Block,* 78 Ohio App., 394, 65 N. E. (2d), 86. The argument presented by appellant turns chiefly on the failure to comply with Rule VII, which requires the entry to be submitted to opposing counsel. But the evidence presented relative to this issue is to the effect that for many years prior to the institution of this action, the provisions of this rule were not adhered to in tax foreclosure actions. The clerk of courts testified that in a large number of cases neither the judgment, order of sale, nor the entry confirming the sale were submitted to opposing counsel. The clerk testified also that motions for confirmation of sale were not placed on the motion docket. In other words, in tax foreclosure actions, the court systematically ignored the published rules, and this fact was well known both to the officers of the association and its counsel. The record shows that the association was involved in many

tax foreclosure actions in which the published rules were ignored. Therefore, the rule was rendered nugatory by the established practice, and·such rule will be given no legal effect. A litigant may not urge the failure to comply with the provisions of a rule which, over a long period of time, is not enforced by the court, and which fact is well known to the litigant.

We come now to consider whether the appellant was denied due process of law. The appellant contends that it was denied the due process of law guaranteed to it by Section 16, Article I, of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution, in that the appellant was denied a hearing on the issues made by the pleadings. The case was not set for trial and there was no formal hearing. The contention of the appellant that it was denied due process is grounded on the supposition that its answer constituted a general denial and put in issue all the allegations of plaintiff's petition, and that plaintiff was required to offer proof. The particular part of the answer which appellant contends constitutes a general denial is, "but for lack of knowledge of the facts denies each and every other allegation in the petition contained."

Appellee contends that in this class of cases these words do not constitute a general denial, and there is case law in Ohio to support this contention. In *Wentzel, Gdn.,* v. *Zinn,* 7 N. P., 512, 10 O. D. (N. P.), 97, the second paragraph of the syllabus is as follows:

"A party cannot allege want of knowledge of matters of record. These should be ascertained and definitely set out."

In the opinion, the court said:

"Defendant answers that she is not informed of the amounts of taxes and assessments unpaid by her and set up in the petition and, therefore, denies same. Technically, this defense is not a sham because 'false,'

inasmuch as she may never have examined the records. Where a party is not chargeable with knowledge such an allegation is permissible (*Ohio* v. *Commissioners,* 11 Ohio St., 183; *McKenzie* v. *Ins. Co.,* 2 Disney, 223). Where, however, this knowledge is applicable to matters of record of which the defendant could have been informed, she could shield herself behind a failure to investigate. This is practically false. It is certainly evasive. In either case, it must be stricken out (Bliss on Code Pleading, section 421 and note, p. 642; *Ib.,* section 326; *Werthheimer* v. *Morse,* 23 W. L. B., 455). Motion granted.''

In *Dennis* v. *Landreth,* 15 C. C. (N. S.), 159, 22 C. D., 678, the syllabus is as follows:

"A denial in the answer of the defendant 'for want of knowledge' is insufficient, where referring to a public record, to put the plaintiff upon his proof.''

The last paragraph of the opinion, on page 160, is as follows:

"Another claim of error is founded upon the failure of plaintiffs below to offer any evidence in support of the averment in their petition that they had duly filed their certificate of partnership as required by law. The answer's only denial of this averment is upon the ground of alleged 'want of knowledge,' and we think that such denial of a public record is insufficient to put opposite party upon his proof thereof. The judgment below is affirmed.''

The judgment in the case of *Dennis* v. *Landreth* was affirmed by the Supreme Court without opinion, in 74 Ohio St., 450, 78 N. E., 1124. See, also, *Granville* v. *Gas Co.,* 11 N. P. (N. S.), 641, 23 O. D. (N. P.), 694.

The answer attempted to put in issue the amount of the tax lien. This was a matter of public record. If the appellant wished to raise this issue, it should have been specially pleaded.

In our opinion, in this type of action, such answer

does not constitute a general denial, and the appellant was not denied due process of law by the entering of judgment without a formal hearing.

The court acquired jurisdiction upon the filing of the petition, and the issuance of summons, which was properly served. The appellant contends that the court lost jurisdiction by reason of a denial of due process. Authorities cited by the appellant, which hold that the court loses jurisdiction by failure to give a litigant his day in court, are not in point. Furthermore, the appellant, after service of summons, was charged with the knowledge of all subsequent proceedings. Under the facts in this case, as disclosed by the record, the court retained jurisdiction and did not lose jurisdiction at any stage of the proceedings.

It must be noted that, by virtue of the provisions of Section 5718-3, General Code, "The delinquent land tax certificate filed by the county auditor with the prosecuting attorney, shall be prima facie evidence on the trial of such action, of the amount and validity of the taxes * * * appearing due and unpaid thereon and of the nonpayment thereof." The purpose of this provision is to facilitate the prosecution of a tax foreclosure action. The judgment entry recites that the matter came on to be heard on the petition of the plaintiff and the cross-petition of the association "and the evidence." In the absence of a showing to the contrary, we must indulge the presumption that the delinquent land tax certificate was presented to the trial court.

One more matter requires discussion. The trial court was required to and did weigh the equities between the parties. One fact must be kept in mind which has a material bearing on the determination of all the issues presented. The controversy is not between the parties to the case, but between a litigant and an innocent purchaser for value at a public sale. In

the judgment entry, the court recognized the claim of the association, and that its lien was secondary only to the tax lien, and recognized the amount claimed by the association to be the amount due. By reason of the death of the makers of the note many years prior to the bringing of the action, no personal judgment could have been rendered in favor of the appellant.

The appellant finally contended, and now contends, that had it been advised of the proceeding, it would have had a bidder at the sale; that it would have bid a higher price; that the appraised value was too low; and that the price was inadequate. The record shows that the property was appraised at $725 and sold at public auction for $1,025. The appellant does not charge fraud or bad faith on the part of any litigant or counsel, and does not claim that there was any irregularity in the conduct of the sale. In the absence of fraud or such irregularity, these matters cannot be urged after confirmation of sale, delivery of deed and payment of the consideration, which is the factual situation in the instant case. 24 Ohio Jurisprudence, 92, 93, Sections 128 and 129.

See, also, 1 Clark on Receivers (2 Ed.), 701, Section 518, which quotes from several opinions of the United States Supreme Court as follows:

" 'Yet the purpose of the law is that the sale shall be final; and to insure reliance upon such sales, and induce biddings, it is essential that no sale be set aside for trifling reasons, or on account of matters which ought to have been attended to by the complaining party prior thereto.' 'A judicial sale of real estate will not be set aside for inadequacy of price, unless the inadequacy is so great as to shock the conscience, or unless there be additional circumstances against its fairness.' "

Again, on page 702, Section 519, *ibid.*, the author

states the rule by quoting from the opinion in *Morrison* v. *Burnette,* 154 F., 617, 624, as follows:

" 'There is a marked and radical distinction between the situations, the rights of the parties and the established practice before and after the confirmation of the sale. The purchaser bids with full notice that the sale to him is subject to confirmation by the court, and that there is a power granted and a duty imposed upon the judicial tribunal when it comes to decide whether or not the sale shall be confirmed, to so exercise its judicial power as to secure for the owners of the property the largest practical returns.

" 'He is aware that his rights as a purchaser are subject to the rational exercise of this discretion. But after the sale is confirmed that discretion has been exercised. The power to sell and the power to determine the price at which the sale shall be made has been exhausted. From thenceforth the court and the successful bidder occupy the relation of vendor and purchaser in an executed sale, and nothing is sufficient to avoid it which would not set aside a sale of like character between private parties. Hence the rule is settled, and it seems to be universally approved, that after confirmation of a judicial sale neither inadequacy of price, nor offers of better prices, nor anything but fraud, accident, mistake or some other cause, for which equity would avoid a like sale between private parties, will warrant a court in avoiding the confirmation of the sale or in opening the latter and receiving subsequent bids.'

"It has been further said: 'This rule is so firmly established that it is no longer debatable, and the cogent and all-sufficient reason for it is that judicial sales would become farces and rational men would shun them and refuse to bid if, after confirmation, unsuccessful bidders or dissatisfied litigants could avoid

them and secure new sales by offers of higher prices, when they thought the purchase a fortunate one, and thus secure the profits in that event and leave the buyer to suffer the losses if the property depreciated in value or the purchase was unwise.' "

See, also, *Dairymens' Cooperative Sales Co., Inc.,* v. *Frederick Dairy, Inc.,* 17 Ohio Law Abs., 690, and *Howell* v. *French,* 74 Ohio App., 257, 58 N. E. (2d), 237, the syllabus of which latter case is as follows:

"1. A judicial sale being in all respects regular and according to law, upon its confirmation and the delivery of the sheriff's deed, the rights of the purchaser at such sale become fixed and vested, and, in the absence of fraud or irregularity, such rights cannot thereafter be divested except by the act of the purchaser.

"2. A purchaser at a judicial sale has certain rights which the courts are bound to protect equally with the rights of the parties to the action. Neither disputes nor differences between the parties to the case, nor events occurring subsequent to the sale and confirmation can affect the rights of such purchaser."

In the case at bar, the proceedings were regular on the face of the record. The purchaser bought the property relying on the record. Under that state of facts, the purchaser is entitled to all the rights of an innocent purchaser for value vouchsafed to it under the law after confirmation of sale, payment of consideration and delivery of the deed.

We now consider more specifically the order appealed from in determining whether the trial court properly weighed the equities between the association and the purchaser, and more particularly whether there is shown an abuse of discretion. During the trial the court offered the appellant every opportunity to produce evidence showing wherein it was prejudiced by the proceeding. The appellant finally contended,

and now contends, that it could produce evidence to show that an error had been made in the amount of the tax lien. The claim is made that the taxes were levied on the erroneous assumption that a building existed on the land, whereas, the fact is shown that a number of years ago, the exact date being indefinite, the building was removed, and that, therefore, after the building was removed the taxes could only be levied on the land.

The court considered this matter and determined that even if this tax claim were reduced by deducting therefrom the amount of taxes attributable to the nonexistent building during the entire period of the delinquency, the reduced tax claim and the court costs would exceed the purchase price. In balancing the equities, the trial court had a right to consider the evidence which shows that the association was served with summons, filed an answer and cross-petition, was chargeable with knowledge of all subsequent steps in the proceedings, and that in the judgment entry the claim of the association was recognized; that all the various steps of the proceedings taken in the case after the answer and cross-petition was filed were all published in the Daily Court Reporter; that the association and its counsel received the Daily Court Reporter, daily; and that no objection was interposed until the notice appeared in the Daily Court Reporter of the filing for record of the deed to the purchaser. The court set aside the order of distribution. Upon the hearing with respect to an order of distribution, we are of the belief that the court will be confined to a determination of the question as to the proper order of priority in payment of the liens.

In consideration of the foregoing, this court is of the opinion that the trial court did not abuse its discretion in overruling the motion to set aside the judgment, order of sale and confirmation of sale.

In our opinion the trial court did not commit error prejudicial to the rights of the appellant. We find no assignment of error well made.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.