LASH, D. B. A. MUTUAL DENTAL LABORATORY, PLAINTIFFS-APPELLEES, *v.* MAVES, D. D. S., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26248.   Decided March 14, 1963.

*Messrs. Rocker, Kahn, Kleinman, Annan and Zaller, Mr. Morton S. Zaller, Mr. Armond D. Arnson* and *Mr. Sheldon Berns,* for plaintiff-appellees.
*Mr. Francis B. Shaw,* for defendant-appellant.

*Per Curiam.*   This is an appeal on questions of law from the overruling of a motion to vacate a default judgment entered in the Bedford Municipal Court.

The default judgment was entered in favor of the plaintiffs on *March 13, 1962.*

The motion to vacate said default judgment was filed May 14, 1962 and, after amendment, was overruled on *October 4, 1962.*

The notice of appeal filed on *October 23, 1962* purports to appeal not only the order of October 4, 1962, but the default judgment entered on March 13, 1962, as well.

The time for perfecting an appeal in a civil case is twenty days after the entry of a final judgment or order, and its timely filing is imperative to confer jurisdiction upon a reviewing court. Section 2505.07, Revised Code.

It necessarily follows, therefore, that the order of October 4, 1962, pertaining to which a notice of appeal was filed within the twenty-day period, is the only matter before this court for review.

A bill of exceptions in this case was filed in the trial court on November 24, 1962. Said bill contains, in narrative form, the proceedings had before the trial court on the default judgment of March 13, 1962, and on the order of October 4, 1962. Since the order entered on October 4, 1962, alone is before us on appeal, we are constrained to consider only such part of the record as pertains to it.

Defendant-appellant claims that there was irregularity in the proceedings of the trial court in that he, the defendant, had not received due notice that the pending action against him was set down for hearing on March 13, 1962, in violation of Rule 23B of the Uniform Rules of Municipal Courts of Cuyahoga County and that the trial court abused its discretion in overruling his motion to vacate, as amended, which motion was grounded on such irregularity.

Rule 23B of the Uniform Rules of Municipal Courts of Cuyahoga County reads as follows:

"* * *. Notice of the trial date of any action shall be given to all parties not less than 10 days prior to the date of trial in non-jury cases. * * *"

A careful reading of the bill of exceptions discloses that the defendant's lawyer of record in the original case died June 19, 1961, and that until the motion to vacate was filed the defendant was not represented by counsel; that a notation appears on the jacket of the file of the Clerk of Court indicating that a notice by mail of the date set for the trial of the cause was sent to defendant on February 21, 1962, addressed to him at 11 North Franklin Street, Chagrin Falls, Ohio, where he neither re-

sided nor maintained an office at the time; that the defendant never resided at such address but had maintained an office there prior to July, 1961; that during July, 1961, he moved his office from 11 North Franklin Street to 24 North Main Street, Chagrin Falls, Ohio, where his office still is, but not his residence; and that neither the Clerk of Court nor anyone from the Clerk's office took the stand to testify whether or not such notice had actually been mailed, whether or not the notice was by postal card or by letter with a return address, or whether or not such notice had been returned by the postal authorities. The record does show, however, that the defendant testified under oath that he had never received any notice from the Clerk of Court. While it is true that some presumption arises from a notation on the official jacket of the file of the Clerk of Court to the effect that a notice was sent to the defendant, it is our view that the record rebuts such presumpion and establishes that the defendant did not receive notice of the time of the trial of his case as required by the Uniform Rules of Municipal Courts of Cuyahoga County.

The record also shows that the defendant presented an affirmative defense in his amendment to the motion to vacate and supported the same by testimony before the court. In our opinion, the facts presented and testified to by the defendant, if proved, constitute a good defense to the averments of the petition filed in the case.

Under these circumstances, the appellant had a clear right to have the default judgment against him vacated and the overruling of his motion to vacate the same constitued an abuse of discretion on the part of the trial court. See *Ramsey* v. *Holland*, 35 Ohio App., 199, 172 N. E., 411; *Modica* v. *Modica*, 11 Ohio Law Abs., 667.

Accordingly, the judgment is reversed and the cause remanded to the trial court with instructions to grant the motion to vacate and for further proceedings according to law.

Exceptions. Order see journal.

KOVACHY, P. J., SILBERT and ARTL, JJ., concur.