**HUFFAKER et al., Appellants,**

v.

**RAMELLA et al., Appellees.**

[Cite as *Huffaker v. Ramella* (1991), 75 Ohio App.3d 836.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–125.

Decided Aug. 27, 1991.

*Jeffrey F. Slavin*, for appellants.

*Rebecca Lowther*, for appellees.

MARTIN, Judge.

This case was originally brought by plaintiffs-appellants, Hubert Huffaker et al., in October 1989. In June 1990, notice was given to the parties that the case would be tried January 9, 1991 and, in October 1990, an entry was put on record setting the case for arbitration to be held December 13, 1990. At the bottom of said entry in capital letters was the following caution: "ANY TRIAL DATE ASSIGNED SHALL REMAIN IN FORCE AND IS NOT CONTINUED BY THIS ARBITRATION."

The arbitration was held as scheduled and, on December 17, 1990, a decision of the arbitrators was rendered holding for defendants-appellees, Connie L. Ramella et al. The thirty-day period within which appeals may be taken from an arbitrators' award under Loc. R. 65 (now Loc. R. 103) of the Franklin County Court of Common Pleas Rules of Practice ("Loc. R. 65") also commenced on that date, December 17, 1990.

On January 8, 1991, a motion by appellants for a continuance was overruled; and, on January 9, the day scheduled for trial, appellees appeared for trial but not appellants. The next day the trial judge signed and filed an entry of dismissal " * * * with prejudice due to plaintiffs' [appellants'] failure to appear. * * * "

On January 16, appellants filed, within the time constraints of Loc. R. 65, a notice of their appeal *de novo* from the award of the arbitrators.

Appellants assign the following as error:

"The trial court committed prejudicial error by dismissing this case with prejudice before the time period had run, pursuant to local rule, for the plaintiffs-appellants to file their appeal *de novo* from an arbitration award."

At the outset, there appears to be no argument that appellants had notice of the trial date for over six months. There is also no question that, in October, appellants received notice of the arbitration which notice contained a warning that the trial date would remain in force and would not be continued by the arbitration. Certainly, this notice was sufficient to raise a red flag and one might expect a prudent attorney to wonder what the court's scheduling procedure meant.

It is reasonable to expect that appellants, who had not prevailed before the arbitration board, would want to continue with their case and have it reconsidered before the trial court: They could do that simply by filing an appeal from the arbitration decision and appearing in court on the day set for trial.

The question before the court then, as reduced to its lowest common denominator, is whether the local court rule conveys a right of substance or whether this is simply a procedural right that can be varied at the will of an individual judge. To resolve this question, we must determine whether Loc. R. 65 conveys a right to appeal the arbitration award for thirty days *or* such lesser time as the trial court may decide.

Appellants, as plaintiffs in the arbitration proceeding, did not prevail at that level. The record gives no indication as to why, nor whether, appellants even made a bona fide effort at that level. It is not difficult to conjure up many possibilities as to why appellants' case may have failed at the time of arbitration; nor it is difficult to think of many reasons why appellants may have needed the full thirty days before deciding whether to appeal.

Arbitration, as established by Loc. R. 65, is one of a panoply of alternative dispute resolution methods. Its purpose is to save the court's time and the parties' time and money, while arriving at a just resolution of a case. Arbitration, as applied in this case by the trial court, would do exactly the opposite of what it was intended to do. The parties went through the expense of the arbitration proceeding and before that decision could be made final, the trial court required them to appear again in court for a full-blown trial. Appellants, in effect, would be forced to go through two trial proceedings before any final order could be rendered.

Not only that, but such a course of conduct could lead to a most anomalous result. If appellants had gone to trial on January 9, 1991, they might have prevailed. Thus, if neither party appealed, a court would be faced with both a final judgment for appellees based on the arbitrators' decision, and a final judgment for appellants based on the trial court's decision.

Loc. R. 65.15 specifies thirty days as the time within which an appeal from an arbitration decision must be perfected. Further, Loc. R. 65.14 provides: " * * * If no appeal is taken within the time * * * specified, the Court shall

enter judgment on such award. After the appeal time runs, the prevailing party shall prepare a judgment entry * * *." Clearly, the Franklin County Common Pleas Court, by its rule, created rights of substance, not procedure only, as these are rights which will result in a final judgment.

These rights are provided to both parties for a period of thirty days and the rule, while it could have, does not state that said rights are subject to limitation for purposes of scheduling trials. We hold that appellants acted within their time constraints under the rule and conclude that they had the full thirty days in which to consider the question of whether to appeal, the court rule taking precedence over the notice of trial assignment.

Appellees rely on *Myers v. Duibley* (1952), 94 Ohio App. 228, 51 O.O. 393, 114 N.E.2d 832, for the proposition that:

"A rule of court is not a principle of law, is of the court's own making and does not bar an act which a sound exercise of the court's discretion dictates, and a waiver or departure from such rule is not an abuse of discretion." *Id.* at 232, 51 O.O. at 394, 114 N.E.2d at 835, paragraph one of the syllabus.

In the *Myers* case, the departure from a local rule of practice was in accordance with a procedure long recognized, followed, and understood by the members of the Montgomery County Bar. This case is distinguishable by the fact that a member of an out-of-county bar was involved as counsel.

Without question, courts in their discretion may relax procedural rules in the interest of justice. However, Loc. R. 65 is, as previously indicated, a substantive rule and a deviation from that rule would not be a simple waiver. It acts to deny a litigant his day in court.

Loc. R. 65 accords to the appellants thirty days to appeal the arbitrators' decision. The action of the trial court in curtailing this right is tantamount to an attempt by a court to amend a statute of limitations.

Loc. R. 65 is a worthwhile, substantive device for the furtherance of justice. The Franklin County Court of Common Pleas, having ordained that rule and having gone through the formalities of putting it into effect, may not amend that rule by means of merely giving a notice of a trial date in conflict with the rule. The court, being the author of the rule, certainly should be expected to follow its rule.

It would appear to the court that appellants have fallen victim to the old hidden ball trick typically practiced by a first baseman after an opponent has come up with a single. By feigning a throw to the pitcher, the first baseman can tag out the unwary runner when he takes his lead off first base. The only difference is that in this case the tag was made by someone comparable to the first base umpire, *i.e.,* the judge, instead of the first baseman. That

should not happen in baseball, much less in a court of law where fair play is the rule.

Appellants' assignment of error is sustained. The judgment of the trial court is reversed, the default judgment is set aside, and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, J., concurs.

WHITESIDE, J., concurs separately.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.

WHITESIDE, J., concurring.

Although I concur in the judgment and most of the majority opinion, I concur separately because local court rules do not confer what we ordinarily understand to be substantive rights. Nevertheless, local rules, although rules of procedure, sometimes do affect due process rights to such an extent that deviation from a rule can affect due process. In this sense, the right is substantive.

In addition, in a multi-judge trial court, the rules are adopted by the court as a whole and bind all the judges. Individual trial judges are not free "to do their own thing" but, instead, are bound by the rules adopted by the court, the same as are attorneys.

We are in accord with prior case law upon the subject. For example, in *Ramsey v. Holland* (1929), 35 Ohio App. 199, 172 N.E. 411, a judgment was reversed because the trial court violated court rules. Other cases have approached deviation from court rules upon an abuse-of-discretion standard, *e.g., Hanes v. Block* (1945), 78 Ohio App. 394, 34 O.O. 137, 65 N.E.2d 86. Here, there was no apparent exercise of discretion, at least, until after the fact, by the dismissal entry.

The arbitration referral entry did not purport to modify or waive Loc. R. 65 but, instead, referred to such rule as authority for the arbitration. The unfortunate, apparently pre-printed language, as to continuance of "ANY TRIAL DATE," gives no indication of the trial date. Instead, under Item Twenty of the certified docket entries, under date of October 19, 1990, there is the notation "cancelled trial MCGR 6B 1/09/91 9:00," although there is no corresponding document in the file.

Although not raised as error, there is no indication of compliance by the trial court with Civ.R. 41(B)(1) in connection with the dismissal. In any event, even under an abuse-of-discretion standard, the substantive deviation from the provisions of Loc. R. 65 requires that the judgment be set aside.