[Cite as *In re I.L.J.*, 2020-Ohio-5434.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE I.L.J.

A Minor Child

[Appeal by Father, T.J.]

:
:
:
:
:
:

No. 109564

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED
**RELEASED AND JOURNALIZED:** November 25, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU14704092

***Appearances:***

Robert C. Aldridge, *for appellant.*

Michael B. Telep, *for appellee* S.M.; Michael C. O'Malley,
Cuyahoga County Prosecuting Attorney, and Gabriel R.
Rivera and Steven W. Ritz, Assistant Prosecuting
Attorneys, *for appellee* Cuyahoga County Jobs & Family
Services – Office of Child Support Services.

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant T.J. ("father") filed the instant appeal challenging the judgment entry of the juvenile court finding him in contempt and awarding attorney fees and costs. After a thorough review of the record and the law, we affirm in part, reverse in part, and remand this matter for further proceedings.

## I. Factual and Procedural History

{¶ 2} This matter arises from a contempt finding against father for violation of a cash medical support order requiring father to pay 57 percent of the out-of-pocket medical costs incurred by appellee S.M. ("mother") for the minor child, I.L.J. The long and tortured history of this case has been chronicled by this court in two prior appeals. For a thorough recitation of the underlying facts related to this appeal, see *In re I.L.J.,* 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052 ("*In re I.L.J. I*"), and *In re I.L.J.*, 8th Dist. Cuyahoga No. 108251, 2019-Ohio-5241 ("*In re I.L.J. II*").

{¶ 3} The following facts are pertinent to the instant appeal: On February 1, 2019, the juvenile court issued an order denying several motions and, relevant to this appeal, granting mother's motions to show cause and for attorney fees regarding father's nonpayment of his share of out-of-pocket medical costs. The judgment entry ordered father to pay mother the sum of $398.07 on or before February 28, 2019; this sum represented father's share of the medical costs mother had incurred for I.L.J. Mother had sought father's share of the $811.28 billed, but the court found that two of the medical bills she had submitted were incurred at a time when father was not required to reimburse mother. Thus, the total was recalculated to be $673.64, and father's 57 percent share totaled $398.07.

{¶ 4} The court's order also granted mother's request for attorney fees, finding:

Mother testified that she spent $25.00 in filing fees with the Clerk of The Juvenile Court to initiate this action. She further testified that she was billed by her attorney for five hours at the rate of $100.00 per hour for consultation prior to the filing of the motion, time spent preparing and filing the motion, preparation for trial and the actual trial of the motion. The court finds the number of hours expended, five, and the hourly rate of $100.00 per hour to be both very fair and very reasonable.

{¶ 5} Father appealed the order to this court, raising four assignments of error. *See In re I.L.J. II.* This court overruled three out of four of father's assignments of error but dismissed father's appeal regarding the contempt order. We determined that a final appealable order did not exist with regard to the contempt order because the juvenile court had failed to (1) make a finding of contempt; (2) impose a penalty or sanction for the contempt; and (3) include a purge order. *Id.* at ¶ 47-48.

{¶ 6} Following our decision in *In re I.L.J. II*, mother filed a motion for a final order for contempt including attorney fees and attached a proposed judgment entry. The proposed order contained language finding father guilty of contempt of court for failure to pay his share of the child's medical expenses in the amount of $398.07, imposed a fine of $250, and imposed a 30-day suspended jail sentence for a first offense penalty of contempt under R.C. 2705.05. The proposed order further included a purge provision stating as follows: "Father may be purged from suspended sentence and fine by making payment to mother of $398.07 on or before January 31, 2020."

{¶ 7} On February 3, 2020, the juvenile court issued an order adopting mother's proposed judgment entry, finding father guilty of contempt and sentencing him to 30 days in jail with an opportunity to purge the sentence. The entry also awarded to mother attorney fees in the amount of $500, and the filing fee of $25. In addition, the order set a purge review hearing date of March 17, 2020, but failed to adjust the deadline to purge the contempt from January 31, 2020, which was three days *before* the new order was actually docketed.

{¶ 8} It is from this judgment that father now appeals, assigning three errors for our review:

> I. The trial court erred in finding that [father] was in contempt of court for violating the terms of the adopted administrated [sic] order.
>
> II. The trial court erred in ordering a purge that was impossible for [father] to comply with.
>
> III. The trial court erred in awarding attorney's fees.

## II. Law and Analysis

### A. Contempt

{¶ 9} We review a finding of contempt for an abuse of discretion. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 96910, 2012-Ohio-808, ¶ 22, citing *In re Contempt of Modic*, 8th Dist. Cuyahoga No. 96598, 2011-Ohio-5396, ¶ 7. "Contempt is defined as a disregard of, or disobedience to, an order or command of judicial authority." *Kapadia* at ¶ 26, citing *State v. Flinn*, 7 Ohio App.3d 294, 455 N.E.2d 691 (9th Dist.1982). R.C. 2705.02 provides that disobedience of a lawful order is punishable as contempt. A trial court may therefore employ civil contempt

sanctions in order to coerce a party into complying with a court order.  *Whitman v. Monastra*, 8th Dist. Cuyahoga No. 76633, 2000 Ohio App. LEXIS 4637, 17 (Oct. 5, 2000).

{¶ 10} The party initiating the contempt proceedings must demonstrate, by clear and convincing evidence, that the contemnor has failed to pay support.  *Pugh v. Pugh*, 15 Ohio St.3d 136, 472 N.E.2d 1085 (1984).  The contemnor then bears the burden of proving his inability to pay the court-ordered support.  *Id.* at 140.  For purposes of contempt, "[a] party must take all reasonable steps within [his or] her power to comply with the court's order and, when raising the defense of impossibility, must show 'categorically and in detail' why [he or] she is unable to comply with the court's order."  *Briggs v. Moelich*, 8th Dist. Cuyahoga No. 97001, 2012-Ohio-1049, ¶ 15, citing *Lahoud v. Tri-Monex, Inc.*, 8th Dist. Cuyahoga No. 96118, 2011-Ohio-4120, ¶ 54.

{¶ 11} With regard to the contempt hearing, this court noted as follows in the prior appeal of this matter:

> The parties' February 4, 2014 child support order included a cash medical support order requiring father to pay 57 percent of out-of-pocket medical costs that insurance did not cover.  Mother asserted that she was explicitly asking for 57 percent of medical bills incurred for ten doctor visits.  Mother attached the medical bills in question to her motion.
>
> The trial court found that the bills totaled $811.28 but that two of them were incurred during a time when father was not required to reimburse mother.  Thus, the court found that the medical bills totaled $673.64 of which father was required to pay 57 percent of that amount, equaling $398.07.  Mother testified that when she asked father for his portion of these costs, father would tell her that she should pay the bills with the

child support that he paid her. The trial court questioned father about these bills. It directly asked him, "Have you ever reimbursed mother for 57%?" Father responded, "No."

*In re I.L.J. II* at ¶ 41-42.

{¶ 12} Father contends that the cash medical support order was established, then vacated, later modified, and finally reinstated. As such, he argues that "the revolving nature of the effectiveness of this order and the uncertainty about where the validity of the order would ultimately state, made compliance difficult." However, the court made adjustments to the amount sought by father so as not to hold him liable for the time that he was not required to reimburse mother. Moreover, as noted above, father admitted that he had never reimbursed mother for his 57 percent share of the medical bills.

{¶ 13} In light of the above, we find that the trial court did not abuse its discretion in finding father in contempt for failing to comply with the court's cash medical support order, and its judgment comports with the record. There was clear and convincing evidence in the form of medical bills, mother's testimony, and father's testimony that he had failed to pay his 57 percent share of the medical bills. In addition, father failed to demonstrate in sufficient, credible detail any inability to comply with the court's orders. Father's first assignment of error is overruled.

{¶ 14} Father next argues that the court erred by entering a contempt order that was impossible to comply with because the deadline to purge the contempt was three days prior to the actual journalization of the court's order. With any sanction for civil contempt, the court must allow the contemnor an opportunity to purge the

contempt. *Rose v. Rose*, 8th Dist. Cuyahoga No. 99933, 2013-Ohio-5136, ¶ 7, citing *Carroll v. Detty,* 113 Ohio App.3d 708, 712, 681 N.E.2d 1383 (4th Dist.1996). "A trial court abuses its discretion by ordering purge conditions that are unreasonable or where compliance is impossible." *Id.*, citing *Burchett v. Miller*, 123 Ohio App.3d 550, 552, 704 N.E.2d 636 (6th Dist.1997). A contemnor's unsupported claims of financial difficulty or an inability to pay are insufficient to establish that the trial court's conditions are unreasonable. *Rose* at ¶ 10; *Pettit v. Pettit*, 8th Dist. Cuyahoga No. 64582, 1993 Ohio App. LEXIS 6200, 12 (Dec. 23, 1993).

{¶ 15} Here, the juvenile court utilized the proposed order submitted by mother but failed to adjust the purge date when the order was not journalized until six weeks later. Father argues that it was therefore impossible for him to purge the contempt within the time allowed. Mother contends that because the court also provided a purge review date, the court implicitly set a proper purge deadline of March 17, 2020.

{¶ 16} We find that it was impossible for father to comply with the purge conditions ordered in the juvenile court's judgment entry of February 3, 2020. Further, we cannot simply accept mother's suggestion that, by setting a purge review hearing date, the court provided father until March 17, 2020, to purge the contempt. The Supreme Court of Ohio has explained that "the purpose of such a hearing is to 'determine whether the contemnor has satisfied the purge condition,' and, if the conditions are unfulfilled, the trial court 'is entitled to enforce the sentence already imposed.'" *State ex rel. Robles v. Mendez*, 8th Dist. Cuyahoga Nos. 100236 and

100238, 2014-Ohio-1083, ¶ 25, quoting *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 16.

{¶ 17} We are mindful that if we were to vacate the entire contempt order on these technical grounds and remand this matter for the trial court, the case would remain unresolved and inevitably end up before us again. Accordingly, in the interest of judicial economy, because we have overruled father's first assignment of error regarding the merits of the contempt order, we will remand this matter solely for the trial court to enter a new contempt order with a proper date within which father may purge the contempt. Father's second assignment of error is sustained.

## B. Attorney Fees

{¶ 18} Father further claims that the trial court erred by granting mother's motion for attorney fees and awarding her $500 in attorney fees plus $25 for the fee incurred to file the motion to show cause. In support of his argument, father contends that mother did not comply with the local rules of the juvenile court, particularly Loc.R. 19(B) and (D), which father claims require an itemized statement of the attorney fees and testimony related to fees by mother's counsel. Father argues that section (D) of Loc.R. 19 mandates that failure to comply with the provisions of the rule will result in the denial of the request for attorney fees.

{¶ 19} Generally, an award of attorney fees lies within the sound discretion of the trial court. *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985); *Kapadia*, 8th Dist. Cuyahoga No. 101460, 2014-Ohio-5554, at ¶ 4. However, R.C. 3109.05(C) specifically provides that when a party is found in contempt for failure

to make support payments as ordered under subsection (A) of the statute, the court shall require the party to pay any reasonable attorney fees of any adverse party, as determined by the court, that arose in relation to the act of contempt. R.C. 3109.05(A) specifically includes payments for a child's medical needs. Accordingly, once the trial court found that father was in contempt for failing to comply with the court's cash medical support order, the court was required to order father to pay mother's attorney fees. *See Harper v. Harper*, 10th Dist. Franklin No. 01AP-1314, 2002-Ohio-4320.

{¶ **20**} Moreover, we are not persuaded by father's argument that mother's failure to comply with Loc.R. 19 precluded an award of attorney fees. "'[C]ourts are to be given latitude in following their own local rules; the enforcement of rules of court is held to be within the sound discretion of the court.'" *In re T.W.*, 8th Dist. Cuyahoga Nos. 88360 and 88424, 2007-Ohio-1441, ¶ 39, quoting *Ciokajlo v. Ciokajlo*, 1st Dist. Hamilton No. C-810158, 1982 Ohio App. LEXIS 12823 (July 28, 1982), citing *Hanes v. Block*, 78 Ohio App. 394, 65 N.E.2d 86 (1945); *Myers v. Duibley*, 94 Ohio App. 228, 114 N.E.2d 832 (1952). Thus, it was within the court's discretion to allow the award of attorney fees even though mother did not comply with Loc.R. 19.

{¶ **21**} In determining the amount of the award, the court considered the testimony of mother, who testified as to the filing fee to initiate the action and the amount billed by her attorney. The court noted that the fees incurred were directly related to the contempt proceedings and further stated that the hourly rate and

hours expended were "very fair and very reasonable." Father does not raise any argument that the amount of attorney fees was unreasonable or that it violated the statute in any way.

{¶ 22} Accordingly, we find no abuse of discretion in the trial court's award of attorney fees in this case. The court considered the evidence, assessed the reasonableness of the attorney fees, and determined that the fees were associated with father's act of contempt. Further, the record in this matter supports the court's award. Father's third assignment of error is therefore overruled.

{¶ 23} Father's first and third assignments of error are overruled, and the juvenile court's finding of contempt and award of attorney fees are affirmed. However, father's second assignment of error is sustained, and this matter is remanded to the juvenile court for the sole purpose of entering a new contempt order that provides a reasonable date for father to purge the contempt.

{¶ 24} This cause is affirmed in part, reversed in part, and remanded to the juvenile court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR