**In re FORECLOSURE OF LIENS FOR DELINQUENT TAXES.**

[Cite as *In re Foreclosure of Liens for Delinquent Taxes* (1992), 79 Ohio App.3d 766.]

Court of Appeals of Ohio,
Clark County.

No. 2821.

Decided May 11, 1992.

*Bonnie Conrad,* Assistant Prosecuting Attorney, for appellee.

*Steven D. Miles,* for appellant.

FAIN, Presiding Judge.

Defendant-appellant ITT Financial Services ("ITT") appeals from the trial court's denial of its motion to vacate a sale of real property sold at a sheriff's sale following an *in rem* foreclosure proceeding.

ITT contends that because it holds a mortgage lien upon the property sold and it did not receive notice of the date and place of sale in accordance with local custom, it was denied due process of law in violation of the Ohio and United States Constitutions. ITT further contends that the trial court abused its discretion when it set a hearing date on ITT's motion to vacate the sale just five days after the notice of the hearing was filed and mailed to ITT.

We conclude that ITT, as a lien holder, was denied due process of law in violation of Section 16, Article I of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution when the property on which it held a lien was sold without notice to ITT of the date and place of sale. We also conclude that the trial court abused its discretion when it held a hearing on ITT's motion to vacate the sale without providing ITT with notice of the hearing in accordance with Civ.R. 6(D). Therefore, the judgment of the trial court is reversed, and this cause is remanded with instructions to vacate the sale of the property.

## I

The Clark County Treasurer filed an *in rem* foreclosure proceeding in May 1990 against Norman and Thelma Swaney with respect to real estate located at 207 N. Western Avenue, in Springfield. The Swaneys defaulted in paying their real estate taxes and in payments required by a recorded first mortgage to ITT. ITT was made a party to the action. ITT filed an answer and cross-complaint against the Swaneys. The county received a judgment of foreclosure for the taxes, assessments, penalties and interest owed. The trial court, with ITT's written approval, entered an order for the sale of the property. A confirmation of the sale was ultimately entered by the trial court.

ITT argues that, in accordance with prevailing and accepted practice, it wrote to the county's attorney requesting notice of the tax sale date. ITT claims that it never received notice of the sale date.

Upon learning, in December 1990, that the property had been sold at a sheriff's sale in October, ITT filed a motion to vacate the sale. A hearing was scheduled by the trial court on ITT's motion; however, ITT did not receive notice of this hearing until after the hearing had occurred. From the trial court's decision denying ITT's motion to vacate the sale, ITT appeals.

## II

ITT's first assignment of error is as follows:

"The trial court erred in failing to set aside the sheriff sale when a first mortgagee or its counsel was not sent notice of the sale date."

ITT, the mortgagee, contends that because it did not receive notice of the sale date for the property, it was denied due process of law. A mortgagee has a legally protected property interest and is entitled, under the Due Process Clause of the Fourteenth Amendment, to actual notice reasonably calculated, under all of the circumstances, to apprise him of a pending tax sale and to afford him the opportunity to take appropriate action to protect his interests. *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180; *Miller Reeder Co. v. Farmers State Bank* (Ind.App.1989), 545 N.E.2d 593; *Macaron v. Assoc. Capital Serv. Corp.* (App.1987), 105 N.M. 380, 733 P.2d 11; *Hernandez v. Haberle* (1990), 160 A.D.2d 1049, 553 N.Y.S.2d 883. In Ohio, it has been held that a judicial lien holder is entitled to personal notice of the sale of real property by the Due Process Clause of the United States Constitution. *Central Trust Co., N.A. v. Spencer* (1987), 41 Ohio App.3d 237, 535 N.E.2d 347.

The United States Supreme Court in *Mennonite* held:

"Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of *any* party, * * * if its name and address are reasonably ascertainable. Furthermore, a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." *Id.*, 462 U.S. at 800, 103 S.Ct. at 2712, 77 L.Ed.2d at 188.

▮▮▮ A mortgagee is required to receive actual notice of a tax sale unless the mortgagee's address is not reasonably identifiable. Constitutional due process is implicated any time an action occurs that affects a property interest protected by the Due Process Clause of the United States Constitution.

Clark County asserts that the *Mennonite* and *Central Trust* holdings require only that a mortgagee receive notice of the pendency of proceedings regarding specific property and does not require that a mortgagee who has notice of the pendency of foreclosure proceedings must be given notice of the time and place of sale. The decree of foreclosure, which was approved by ITT, and the praecipe for order of sale were filed on the same date by the trial court. Because ITT was on notice that the property would be sold in the future, Clark County argues that it had no further duty to inform ITT of the date of sale. Relying on *Myers v. Duibley* (1952), 94 Ohio App. 228, 51 O.O. 393, 114 N.E.2d 832, Clark County claims that ITT had a duty to contact the court, sheriff or newspaper or to locate court records to obtain knowledge of the time and place of sale.

Although the lien holder in *Myers* argued that it could have bid on the property to protect its interest had it had notice of the time and place of the sale, it did not expressly invoke the Due Process Clause in connection with this argument.[1] To the extent that *Myers* by implication stands for the proposition that a lien holder has no due process right to notice of the time and place of a foreclosure sale, we would note that it was decided in 1952, that the scope of rights under the Due Process Clause has been considerably extended since 1952, and we overrule *Myers* to that extent.

In *Mennonite*, it was held that a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending because notice by publication, by posting or given to the property owner is not designed to reach those who have a substantial interest in the property. *Mennonite, supra*, 462 U.S. at 797–801, 103 S.Ct. at 2711–2712, 77 L.Ed.2d at 186–189.

---

**1.** At least, there is nothing in the opinion in *Myers* to suggest that the lien holder invoked the Due Process Clause in connection with its argument that it could have taken steps to protect its interest had it had notice of the time and place of the foreclosure sale.

In the case before us, the fact that ITT knew that the sale of the subject property would take place some time in the future is not equivalent to notice of the time and place of sale. As a party to the foreclosure action, ITT's address was ascertainable.

Lack of notice to ITT adversely affected its ability to protect its interests. ITT did not have an opportunity to observe the sale, to verify that the statutory requirements were met, or to bid on the property to protect its interest. The value of ITT's security interest was diminished by the tax sale because the tax sale purchaser acquired a title free and clear of all liens and encumbrances, except a federal tax lien notice properly filed in accordance with R.C. 317.09 as set forth in R.C. 5721.19(F)(2).

It is essential that a lien holder receive reasonable notice of the time and place of a foreclosure sale because his rights may be irrevocably adversely affected by the sale. The foreclosure sale is ordinarily one of the most important events in any foreclosure action. We conclude that because ITT, as mortgagee, did not receive reasonable notice of the time and place of the foreclosure sale, it was denied due process of law in violation of the Ohio and United States Constitutions.

ITT contends that the custom or established practice in Clark County is that when an attorney requests notice of the sale date in writing, the county gives a specific notice to the attorney of the sale date. ITT alleges that the county failed to follow the prevailing custom. Upon reviewing the record, we have found no evidence that Clark County follows such a custom or established practice. Further, the record does not contain evidence of a letter ITT allegedly wrote to Clark County specifically requesting notice of the sale date.

Clark County asserts that "[b]ecause ITT does not allege any noncompliance with the statutes and procedures governing tax foreclosure, it implicitly argues that the statute is unconstitutional as it does not require personal notification of sale dates." We do not interpret ITT's contentions to encompass a challenge to the constitutionality of Ohio's tax foreclosure statute.

■ R.C. 5721.18(B) provides for notice of the commencement of a foreclosure action. The statute is silent as to any notice requirements with respect to subsequent proceedings. We would not presume that the General Assembly, by such silence, intended to prohibit any notices with respect to the subsequent course of foreclosure proceedings that might be required by the Due Process Clause or that the court might otherwise deem, in the exercise of its sound discretion, to be necessary or desirable. For example, we would assume that a lien holder who has set up his claimed lien by answer and cross-claim would ordinarily be entitled to notice and an opportunity to be heard

with respect to a motion to strike his answer and cross-claim, but the statute does not expressly so provide.

R.C. 5721.19(F)(4) provides that a title is not invalid due to any irregularity, informality, or omission of any proceeding if the defect does not abrogate the provision for notice to holders of title, lien, or mortgage to, or other interests in, such foreclosed property. The validity of a title is conditioned upon the receipt of notice by all parties with substantial interests in the property. We conclude that the statute's silence regarding notices prior to a sale of property should not be construed to be inconsistent with the giving of such notices as may be required by the Due Process Clause. Therefore, we conclude that Clark County's assertion lacks merit.

ITT's first assignment of error is sustained.

### III

ITT's second assignment of error is as follows:

"The trial court erred and abused its discretion by setting a hearing date five days from the date of mailing of the notice."

■ ITT asserts that it was prejudiced because it did not receive notice of the hearing on its motion to vacate the sale until after the hearing was held. Clark County asserts that ITT was not entitled to a hearing on its motion because all issues were raised by brief or affidavit, and that Civ.R. 6(D) permits the trial court to serve notice of a hearing in less than seven days by court order.

Ohio Civ.R. 6(D) provides, in pertinent part, as follows:

"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. * * *"

Pursuant to Civ.R. 6(D), notice of the hearing on a motion shall not be served later than seven days before the time fixed for the hearing. The court may set a time period of less than seven days for the hearing by court order. However, a party is entitled to sufficient notice and time to prepare for the hearing in order to avoid undue prejudice.

In the case before us, ITT did not receive notice of the hearing date until the hearing had concluded. The record indicates that a court order was filed on December 26, 1990, setting the hearing date for December 31, 1990. ITT claims that the notice arrived by mail on December 31, 1990. ITT was unable to attend the hearing and argue its motion. Therefore, we conclude that the

trial court abused its discretion in setting a hearing date on ITT's motion to vacate the sale that did not comply with the seven-day notice requirement of Civ.R. 6(D).

ITT's second assignment of error is sustained.

## IV

Both of ITT's assignments of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILSON and BROGAN, JJ., concur.