DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On September 12, 1998, the Akron Municipal Court issued its judgment against plaintiff Mark Darulis ("Darulis"), and in favor of Douglas B. Maher ("Maher"), the City of Akron ("Akron"), Judge Monte Mack, Magistrate Thomas F. Lynett, Jim Laria, and Lee Lorkowski (collectively, "court employees"). Darulis has timely appealed this judgment.
Darulis has assigned that the trial court erred by: (1) determining that his claims against Maher were barred by resjudicata; (2) denying his motion to strike the defendant's motion to dismiss; (3) determining the city and its employees were immune from liability; and (4) finding the city and its employees were not negligent. This court overrules all four assignments of error.
 I
In 1994 Darulis was convicted in federal court of growing approximately twenty marijuana plants in a federal park. The length of a federal sentence is dependent, in part, on the number of prior convictions. Because of this, Darulis decided to challenge two 1985 convictions for criminal damaging which were premised upon his guilty pleas to the same. According to Darulis, Maher was hired specifically to file a petition for postconviction relief. Maher filed a motion for a new trial pursuant to Crim.R. 33(B), which was subsequently denied, rather than a petition pursuant to R.C. 2953.21.
Darulis brought suit against Maher in the small claims division of Akron Municipal Court, in which Monte Mack was the presiding judge. He claimed that because the motion filed by Maher was denied, and the denial affirmed on appeal, and because Maher refused to refile the motion as a petition for postconviction relief that he had "gotten nothing in return" and was entitled to the return of his $500. He has asserted that this initial claim was based on malpractice.
Magistrate Lynett heard the case, and found in favor of Maher, stating that Darulis had hired Maher to move for a new trial. Darulis objected to the magistrate's decision, asserting that it was factually inaccurate. In making the objection, he did not provide the trial court with a transcript of the proceeding to support his objection. The trial court adopted the decision of the magistrate. Darulis appealed, providing this court with a copy of the transcript of the proceedings before the magistrate. This court affirmed the judgment of the trial court, holding, in part, that because it was not available to the trial court when it made its decision, we could not consider the transcript on appeal.Darulis v. Maher (May 21, 1997), Summit App. No. 18068, unreported, at 3-4.
Darulis then filed a second suit against Maher, on a breach of contract theory, and also against Laria, who was the clerk of the Akron Municipal Court, Lorkowski, who was the deputy clerk of the Akron Municipal Court, Judge Mack, Magistrate Lynett, and the City of Akron for negligence. Darulis has asserted that when he filed his objections to the magistrate's decision in the earlier case he relied upon an incorrect informational sheet that was authorized by Laria, and distributed by Lorkowski. The sheet was titled, "Akron Municipal Court Information Sheet for Small Claims" ("Information Sheet") and provided a list of collection procedures available through the court, and the fees the court charged for those procedures. It also contains a paragraph captioned, "Objection Procedures." That paragraph stated:
 If you disagree with this decision, you may file an objection in writing, stating the reason you disagree. This must be done within 14 days of the date on the front page of the decision. Mail the written objection along with a fee of $10.00 in the form of a check or money order to: Clerk of Courts, Akron Municipal Court, 217 S. High Street #837, Akron, Ohio 44308. YOU ARE REQUIRED TO SEND A COPY OF YOUR OBJECTION TO THE OPPOSING PARTY.
On or about February 26, 1998, the trial court fixed April 2, 1998, as the date for the trial in this second action. On March 31, 1998, Akron and the court employees moved to dismiss the suit pursuant to Civ.R. 12(B). Darulis responded with a "Motion to Strike the Defendants Motion to Dismiss," which he delivered to the court on April 2, 1998, the date of the trial.[1] The trial court did not explicitly rule on the motion to dismiss, or on Darulis' response to it. The trial proceeded as scheduled, with Akron and the court employees offering essentially the same defenses they had in their answer and in their motion to dismiss.
 II Res Judicata
Issue preclusion, or collateral estoppel, is a narrow bar to subsequent litigation. It bars relitigation of a single issue that was necessarily decided as part of a previous adjudication. Claim preclusion is much broader. It bars subsequent litigation not only on issues that were actually decided, but also on issues that arise out of a transaction or occurrence that was the subject matter of a previous action in which a valid final judgment was rendered.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
Darulis retained attorney Maher to do one task, and was dissatisfied with his work. Darulis sued Maher on what he characterized as a malpractice claim. A final judgment was rendered in the matter. He has now brought a second action over precisely the same incident on a contract theory. Because the contract action arises out of the same transaction or occurrence that gave rise to the malpractice action, in which a valid final judgment was rendered, it is barred by claim preclusion.
Darulis' first assignment of error is overruled.
 Failure to Strike Motion to Dismiss
Civ.R. 6(D) provides that "[a] written motion * * * and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." Darulis has contended that because the defendants' motion to dismiss was made two days before the trial it should be stricken, pursuant to Civ.R. 6(D).
This rule addresses the time period between the notice of a hearing on a motion and the hearing on that same motion. Those circumstances do not exist here. The date of the trial was fixed over a month in advance. The trial was not held for the purpose of ruling on the motion to dismiss, nor was the motion explicitly decided; rather the entire case was decided on its merits. Because the court did not explicitly rule on the motion it is presumed to have denied it. See Newman v. Al Castrucci FordSales, Inc. (1988), 54 Ohio App.3d 166, 169.
Even if the court had explicitly denied or stricken the motion to dismiss, it would not have changed the outcome. Darulis has characterized the motion for dismissal as "the Defendants' only defense." A motion to dismiss is one means of asserting legal defenses to a claim, in a manner that permits the defendant to avoid going to trial if the motion is granted. The denial of a motion to dismiss only precludes Akron and the court employees from succeeding in defending themselves by that motion alone. It does not bar them from articulating, at trial, the same legal defenses that were contained not only in the motion, but also in their answer to his complaint.
Additionally, Darulis complains that he was not given the seven days, to which he claims he was entitled, to research the legal issues raised in the motion to dismiss. The circumstances were very different in the case cited by Darulis as supporting this entitlement. In that case, the hearing was for the specific, and sole, purpose of ruling on a motion and was held in the absence of the party who made the motion, before that party even received notice that the hearing had been scheduled. In reForeclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766. The April 2, 1998 trial had been scheduled for over a month. Darulis had actual notice of the date, and was present. Darulis was given notice of the substance of the anticipated defense in the defendants' answer to his complaint on January 16, 1998. He had more than a month to research the issues that he knew the defendants would be raising. In addition, the trial court judge repeatedly asked Darulis if he would like time to respond to the arguments presented by Akron and the court employees. He repeatedly declined the offer.[2]
There is no support in Civ.R. 6(D) for Darulis' assertion that the trial court should have stricken the state's motion to dismiss because it was made two days before the previously scheduled trial on the merits. The inclusion of a particular defense in a motion that is denied, sub silentio, presents no bar to the later presentation of the same defense at trial. Darulis had adequate notice of the date and purpose of the hearing, and repeatedly declined the offer of additional time. Darulis' second assignment of error is overruled.
 C. Immunity from Liability Pursuant to R.C. 2744 1. Political Subdivision Immunity
R.C. 2744.02(A) provides political subdivisions with broad immunity from liability for "injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision[.]" Even though a political subdivision is generally immune, the statute creates exceptions to that immunity if the injury is caused by,inter alia, "the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). To be a proprietary function, the function must be one of a statutory list of functions, or it must not be, among other things, "[a] function that the general assembly mandates a political subdivision to perform." R.C.2744.01(C)(2)(w).
The legislature has defined a political subdivision as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state."[3] R.C.2744.01(F). This definition includes the City of Akron, the Akron Municipal Court and its clerk's office. The operation of the office of the clerk of courts is a function mandated by the general assembly.[4] R.C. 1901.31, et seq. Because of this, it is not a proprietary function, and the political subdivisions retain their immunity with respect to the actions of their employees.
 2. Employee Immunity
Whether or not the political subdivision is liable for an employee's actions, the employee is immune unless liability is specifically imposed by statute or his acts were manifestly outside the scope of his employment or official responsibilities, or were done with malicious purpose, bad faith, or wanton recklessness. The Ohio Supreme Court as has defined recklessness as "knowing or having reason to know * * * that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." Marchetti v. Kalish
(1990), 53 Ohio St.3d 95, 96, fn.2, quoting 2 Restatement of the Law 2d, Torts (1965) 587, Section 500. Although the harm alleged in this case is not physical, the principle endorsed by the Supreme Court, that reckless actions are more extreme than negligent actions, is valid. See Tulloh v. Goodyear Atomic Corp.
(1992), 62 Ohio St.3d 541, 544, overruled on other grounds,Painter v. Graley (1994), 70 Ohio St.3d 377, 383.
With respect to employee liability, the acts specifically complained of were "providing the Appellant with incomplete written legal instructions" and "hiring negligent workers." The Information Sheet provided to Darulis included an explanation of the nature of a magistrate's decision, which it accompanied, and directions to the parties that were related to their next anticipated interactions with the clerk's office. The instructions explained the court costs and procedures that each party must follow to object to the magistrate's decision or to collect on the judgment. Both the collection of a judgment through the court, and the objection to a magistrate's decision require the payment of fees to and the provision of information or documents to the clerk's office. The Information Sheet is a means of communicating this procedural information to the parties.
The Information Sheet contained information that the clerk of courts must routinely provide to parties involved in a small claims case. The instructions were limited to procedural information about the aspects of a small claims case handled by their office. The instructions do not answer questions the parties may have which require legal analysis, nor do they purport to. The omission Darulis has asserted falls into this category. Contrary to his assertion, a transcript is not necessarily required when a party objects to a magistrate's decision. The objecting party must make a legal determination as to whether the objection is solely to an error of law, or whether the objection necessarily depends upon the evidence presented in the proceeding. If the objection is solely to an error of law the objecting party is not required to file a transcript. Rush v. Schlagetter (April 15, 1997), Ross App. No. 96CA2215, unreported. If the objection depends upon the evidence that was presented, then the objecting party must support his objections with a transcript, or one of the legally acceptable substitutes for a transcript. Civ.R. 53(E)(3)(b).
The determination of whether the party must file a transcript along with his objection is not a mechanical process, but rather requires substantive legal analysis. The clerk's office was not under a duty to advise Darulis on this matter, nor would it have been proper for it to do so. The drafting and distributing of a procedural instruction sheet, however, was clearly within the scope of employment of an individuals working in the office of the clerk of courts, or in the Akron Municipal Court.
Darulis has described the acts of drafting and distributing the Information Sheet, and of hiring the individuals responsible for drafting and distributing it, as negligent. The notation in the margin of his complaint also asserts that it is a negligence complaint. For employees of a political subdivision to be held liable for their actions, they must be done with malicious purpose, in bad faith, or with wanton recklessness. Mere negligence is not sufficient to deprive employees of a political subdivision of the immunity they otherwise enjoy for actions done within the scope of their employment. Even if the court employees acted negligently, they are immune by statute. We overrule his third assignment of error.
 Negligence
Because both the political subdivision and its employees are immune from liability under the circumstances of this case, whether or not the employees' actions were negligent, Darulis' fourth assignment of error is moot.
 III
We overrule Darulis' first assignment of error because this second action against Maher arose from the same transaction or occurrence as the first action against him, and is barred by resjudicata. His second assignment of error is overruled because the defenses contained in the motion to dismiss may still be asserted at trial, even if the motion is denied or stricken. The political subdivision and its employees are immune from liability in the circumstances presented in this case, so we overrule Darulis' third assignment of error. Because the named parties are immune from liability, even if they acted negligently, Darulis' fourth assignment of error is moot. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
WHITMORE, J.
CONCUR
[1] Because it was made in response to the defendants' motion to dismiss, we construe Darulis' motion to strike as a response to the defendants' motion to dismiss.
[2] The following three separate exchanges occurred over the course of the trial:
 Court: Well your, if I understand, do you want time to respond to it in writing?
 Darulis: No, I can just tell you verbally, if that is okay with you.
 Court: In regard to the claim against the others, do you wish to make argument at this point? You'd rather not write a brief, right?
Darulis: I want to do it now, today.
 Court: Do you have any objections to the procedure we've been holding here today?
Darulis: No, sir.
 Court: You know, I want you to be frank, because — you want any time to file any briefs?
Darulis: No sir.
[3] We do not address the issue raised by the City of Akron that it is not a proper party to answer on behalf of the Akron Municipal Court, because the judgment below did not address the issue and Akron did not cross appeal.
[4] Although function is not defined by the R.C. 2744.01, the examples given of functions are very general: operating a hospital, cemetery, utility, sewer system, public entertainment facility, or off-street parking facility. R.C. 2744.01. Operating the office of the clerk of courts, or the court itself, is analogous.