JOURNAL ENTRY AND OPINION
Husband William Lincoln appeals from a domestic relations court order requiring the county recorder to execute a quitclaim deed transferring husband's interest in real property to his former wife, Neida Lincoln. Husband primarily maintains the court misconstrued the terms of the divorce decree by finding that wife had been awarded the marital residence and therefore had an equitable right to have husband's interest in the deed to the property transferred to her.
The parties were divorced in 1989. At the time of the divorce and continuing to the present, husband was incarcerated for felonious assault. The parties jointly owned and resided in real property located on West 58th Street, but foreclosure proceedings were pending on the property. The divorce decree made the following disposition of the parties' house:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall be awarded all of the household furniture and appliances located at 1433 West 58th Street, Cleveland, Ohio, together with any and all interest the plaintiff may have in said real estate [sic] furnishings removed by the plaintiff and not disposed of by him or his brother.
In 1996, wife filed a motion to show cause why husband should not be held in contempt for failing to sign over to her a deed that relinquished his rights to the West 58th
Street property. Wife later asked the court, pursuant to Civ.R. 70, to direct the county recorder's office to record a quitclaim deed in her behalf. Husband, acting pro se, opposed the motion on grounds that wife did not serve him with timely notice of the motion, having taken seven months to perfect service.
A magistrate conducted a hearing on the motion and decided that wife had been awarded the real property in the divorce decree. Although the divorce decree made no provision for husband to issue a quitclaim deed to wife, the magistrate found husband nonetheless had an obligation to issue the quitclaim deed and failed to do so. Pursuant to the court's inherent power to "order done that which was to have been done by its prior order," the magistrate decided that the county auditor should effect the transfer of all husband's legal right and title in the property to wife.
Husband filed timely objections to the magistrate's decision, again objecting that he failed to receive timely notice of the motion. Husband also raised a second objection — that the divorce decree said nothing about wife being awarded title to the real property. He claimed he had paid off the mortgage, over $40,000, and would apparently not have done so if he believed he no longer held joint title to the property. The court overruled husband's objections and approved the magistrate's decision in its entirety.
 I
Husband first complains he did not receive proper notice of wife's separate motions to show cause and have a quitclaim deed to the property recorded in her favor. The record shows wife filed the motion to show cause in July 1996 and the motion to direct the county recorder to record a quitclaim deed in November 1996. She did not serve husband with either motion until July 1997. Husband complains that the court scheduled hearings on these motions before he had been served.
Although it is true that the hearings on wife's two motions were initially scheduled before husband had been served with notice of the motions, the record shows that those hearings were continued. The court ordered service by process server in the Grafton Correctional Facility, and wife perfected service on July 25, 1997. The record also shows the magistrate did not conduct the hearing on either of wife's motions until September 1997, some three months after husband had concededly been served with notice of the motions.
"Due process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,183, citing Armstrong v. Manzo (1965), 380 U.S. 545, 550. When motions and hearings on those motions are involved, Civ.R. 6(D) provides that notice of a hearing on a motion shall be served no later than seven days before the time fixed for the hearing. The court may vary this rule for the purpose of expediting its business, but even if it varies the time for hearing in accordance with Civ.R. 6(D), the party against whom the motion is made is entitled to notice of the variance. See McGlone v.Grimshaw (1993), 86 Ohio App.3d 279, 283, citing In reForeclosure of Liens v. Swaney (1992), 79 Ohio App.3d 766, 771.
We find no error in this case. Contrary to husband's argument, the notice provisions of Civ.R. 6(D) are not jurisdictional in the sense that the court has no power to adjudicate a motion if notice requirements are not met. In fact, a party may validly waive the notice requirements of Civ.R. 6(D). See Lorain CountyChildren Services v. Murray (Jan. 17, 1996), Lorain App. No. 95CA006053, unreported. We realize that husband did object to service, but if a party can waive any defect with late service, it necessarily means that a party's failure to receive notice of an outstanding motion cannot be a jurisdictional bar.
This leads to a second point, that husband has failed to demonstrate he was prejudiced by the seven-month delay in being served notice of the motions. See McNamara v. Best ProductsCompany (Feb. 16, 1989), Cuyahoga App. No. 55012, unreported. Even though it took seven months to perfect service of the motions, the salient fact is that service had been perfected in a manner that gave husband adequate time to respond. Husband had three months in which to prepare for a hearing before the magistrate, certainly more than the seven days required under Civ.R. 6(D).
Husband also appears to complain that his notice of both motions was incomplete because the notice he received only referred to wife's motion to convey real estate — not the motion to show cause. This is an insignificant omission because the issues raised in both motions were functionally identical and husband could not have been prejudiced by the failure to receive notice of the motion to show cause. In any event, the magistrate ultimately decided the matter only on wife's motion to convey real property.[1] Thus, husband cannot be heard to complain that he lacked notice of a motion that was not heard or decided by the magistrate.
 II
The more substantive issues concern the interpretation of the divorce decree provision disposing of the real property. Husband complains the court erred by adopting the magistrate's decision finding that wife had been awarded the real property. He claims alterations made to the divorce decree were not intended to grant the real property to the wife, particularly since foreclosure proceedings had been pending against the property. He claimed he paid off the remaining mortgage of $42,372 and that wife only filed her motion to convey the real property after discovering that the mortgage had been paid in full.
At the time of divorce, the parties contested the disposition of the household furniture because it appeared that either husband or his brother removed furniture from the house while the matter remained pending before the court. The alterations to the settlement agreement addressed this dispute by specifically awarding wife all furnishings removed by husband and not disposed of by husband or husband's brother. Unfortunately, the handwritten alterations appear to have omitted the word "and" between "real estate" and "furnishings." We therefore order the court to clarify its judgment entry to reflect in clear language wife's entitlement to both the house and the furnishings removed by husband and not disposed of by husband or husband's brother.
We do, however, believe the court should have given more consideration to husband's claim that he paid off the full existing mortgage after the divorce, thus perhaps entitling him to some equitable relief under the circumstances. Admittedly, husband submitted no direct proof of this claim, and his affidavit attached to the motion merely stated that the facts contained in the attached motion were true and correct to the best of his ability. We have criticized the practice of submitting "verified" briefs. See Gruenspan v. Seitz (1997),124 Ohio App.3d 197, 209, fn. 4. Nevertheless, we are also aware that husband's pro se status and incarceration may well have prevented him from presenting his proof, if any, before the court.
The magistrate's decision stated, "[wife] was awarded the real property." While we agree with this decision, we recognize that the magistrate did not have an occasion to consider whether husband actually made mortgage payments after the settlement agreement. Given husband's position (incorrect though it may be) that he had been awarded the house in the divorce, his statements contain a degree of plausibility that merit consideration under the circumstances. We therefore believe the court should conduct a hearing to determine whether (1) husband paid off the mortgage as he now claims and (2) if so, whether he might be entitled to some form of equitable relief under the circumstances.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELTACY, J. PATRICIA A. BLACKMON, J., CONCUR
[1] This would be consistent with the magistrate's initial finding that the divorce decree made no provision for the transfer of real property. There being no affirmative duty in the divorce decree for husband to transfer his interest in the property, he could not be held in contempt for failing to comply with a nonexistent order.