OPINION
Defendants-appellants, Simon Oppenheimer, Daniel F. Ryan, Alan K. Veatch, Campbell, Hornbeck, Chilcoat Veatch and Nancy Kantrowitz appeal a decision of the Franklin County Court of Common Pleas granting a motion to compel discovery in favor of plaintiffs-appellees, Armando, Andrew, Cristina, and Cathy Cuervo. We reverse and remand.
On June 7, 1991, the Franklin County Court of Common Pleas entered a judgment in favor of appellees and jointly and severally against Stephen and Peter Snell for $262,248.85. Unable to collect their judgment, on July 17, 1997, appellees filed a complaint against Stephen H. L. Snell ("Snell"), Moneymetrics Agency, Inc., Susan Lynette Andersen, Kirk Andersen, Moneymetrics Insurance Agency, Inc., C. Dewayne Youts, Rock Financial, Inc., P. Nini Raabe Trust, and Commerce National Bank, alleging that "Snell and others perpetrated a series of fraudulent transfers * * * in order to evade the consequences" of the lawsuit. Appellees also alleged that, because of added interest, the judgment had grown to $423,190.69 as of June 30, 1997. Appellees claimed that "[a]t the same time the Cuervos were attempting to collect the judgment, Defendant Snell, with the knowledge and assistance of others, began a systematic, calculated and fraudulent effort to transfer or otherwise shield his assets from the collection efforts of the Cuervos." Appellees sought relief by requesting the court enjoin further transfers and permit appellees to attach and levy those assets. Appellees also alleged that appellants engaged in fraud and conspiracy.
On December 7, 1999, appellees filed a motion to compel discovery. Appellees argued that Snell waived the attorney-client privilege with respect to communications with his former counsel regarding the asset transfers. On December 10, 1999, the trial court granted appellees' motion, holding that Snell had waived attorney-client privilege concerning the transfers. Following the trial court's decision, three notices of appeal were filed. Simon Oppenheimer filed a notice of appeal that was assigned appellate number 99APE12-1442, and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED THE MOTION TO COMPEL DISCOVERY FILED BY PLAINTIFFS-APPELLEES WITHOUT ALLOWING TIME FOR DEFENDANTS-APPELLANTS AFFECTED BY THE RULING ON THE MOTION TO RESPOND IN WRITING OR AT A HEARING ON THE MOTION.
 II. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION TO COMPEL DISCOVERY FILED BY PLAINTIFFS-APPELLEES.
Daniel F. Ryan, Alan K. Veatch, and Campbell, Hornbeck, Chilcoat 
Veatch filed a notice of appeal that was assigned appellate number 99APE12-1443, and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING PLAINTIFFS-APPELLEES' MOTION TO COMPEL BEFORE ALLOWING DEFENDANTS-APPELLANTS AN OPPORTUNITY TO RESPOND TO THE MOTION OR BEFORE CONDUCTING A HEARING ON SUCH MOTION TO COMPEL.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT SNELL HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE IN THIS CASE, BASED UPON THE LIMITED AND INCOMPLETE INFORMATION BEFORE THE COURT.
Nancy Kantrowitz filed a notice of appeal that was assigned appellate number 99APE12-1458, and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THE DISCLOSURE OF PRIVILEGED INFORMATION IN CONTRAVENTION OF CIVIL RULE 6(D) AND LOCAL RULE 21 OF THE COURT OF COMMON PLEAS FRANKLIN COUNTY BY RULING WITHOUT GIVING THE OPPOSING PARTY AN OPPORTUNITY TO BE HEARD.
 II. THE TRIAL COURT ERRED IN FINDING A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE BASED UPON A COMPLETE ABSENCE OF EVIDENCE RELATING TO COMMUNICATIONS BETWEEN MR. SNELL AND ATTORNEY NANCY KANTROWITZ.
Because of the similarities between appellants' assignments of error, we will discuss them together.
Before addressing appellants' assignments of error, it is necessary for us to rule on appellees' motion to dismiss appellants' appeal. Appellees argue in their motion that we do not have jurisdiction over the present case because no judgment or final order was entered by the trial court. Appellees contend that the disclosure of previously disclosed, privileged, confidential communications between an attorney and his or her client is not appealable.
R.C. 2505.02(B) states in part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
A provisional remedy means "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3).
In the present case, the trial court ruled that Snell had waived his attorney-client privilege with respect to communications with his former counsel regarding the asset transfers. The court thereafter ordered Ryan "and all of defendant Snell's former counsel" to answer questions and provide discovery regarding those transfers. In a case involving an appeal of a trial court ruling concerning the discovery of trade secrets, an appellate court has stated:
 On its face, R.C. 2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. Gibson-Myers Assoc. v. Pearce (Oct. 27, 1999), Summit App. No. 19358, unreported.
We find that this reasoning should be applied to the present case. Communications between an attorney and his or her client may be considered privileged matter pursuant to R.C.2505.02(A)(3). Therefore, a trial court's ruling concerning the discovery of this information should be appealable because once that information is disclosed, the "proverbial bell cannot be unrung." Accordingly, we overrule appellees' motion to dismiss, finding that R.C. 2505.02(A)(3) grants this court jurisdiction to consider appellants' appeal.
Appellants argue in their first assignments of error that the trial court erred when it granted appellees' motion to compel discovery because it failed to give appellants an opportunity to respond to the motion. We agree.
Civ.R. 7(B)(2) gives a trial court the authority to enact a local rule of court modifying the seven-day period between the filing and hearing of a motion under Civ.R. 6(D). Hillabrandv. Drypers Corp. (2000), 87 Ohio St.3d 517, 519. Loc.R. 21.01 states in part:
 All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge.
"However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." Miller v. Lint
(1980), 62 Ohio St.2d 209, 215. "[I]f a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error." Gibson-Myers, supra, following In re Foreclosure of Liens for Delinquent Taxes (1992),79 Ohio App.3d 766, 771-772.
In the present case, appellees filed a motion to compel discovery on December 7, 1999. The trial court filed its decision on appellees' motion on December 10, 1999. At the time the trial court filed its decision, appellants had not filed a response. The trial court's decision was filed eleven days before the time Loc.R. 21.01 allowed appellants to respond to appellees' motion. The trial court's decision was also filed twenty-five days before the time Loc.R. 21.01 states that the motion "shall be deemed submitted to the Trial Judge." Therefore, based upon these facts, we find that the trial court committed reversible error by not allowing appellants an opportunity to respond to appellees' motion before rendering its decision.
Thus, we sustain appellants' first assignments of error. Because of our disposition of appellants' first assignments of error, we do not need to address their second assignments as the issues raised in them are moot. App.R. 12(A)(1)(c).
Accordingly, appellants' first assignments of error are sustained, appellants' second assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings that are consistent with this opinion.