OPINION
Defendant-appellant Ray Delarwelle appeals the May 5, 2000, Judgment of the Richland County Court of Common Pleas granting plaintiff-appellee Armco, Inc.'s tenth motion for contempt.
 STATEMENT OF THE FACTS AND CASE
Appellant the United Steel Workers of America, AFL-CIO is an international union representing the production and maintenance employees at appellee Armco's Mansfield plant. Appellant Ray Delarwelle is a member of Local 169, United Steel Workers of America, which is the local union. On or about August 31, 1999, appellee Armco declared a lockout of its Mansfield plant's union employees. Subsequently, the case sub judice was filed and the trial court, on September 3, 1999, issued a temporary restraining order restraining the parties in this matter from engaging in certain conduct. Thereafter, on September 28, 1999, an Agreed Preliminary Injunction was filed which remains in effect. Appellee Armco, on April 24, 2000, filed a "Tenth Motion for an Order to Show Cause Regarding Civil Contempt" requesting that appellant Ray Delarwelle be held in civil contempt for failing to comply with the September 28, 1999, Agreed Preliminary Injunction in this matter. Appellee, in its motion, alleged that appellant had violated the Agreed Preliminary Injunction as follows: On April 14, 2000, a group of approximately 8 to 9 Local Union members and/or supporters of Defendants traveled by van owned by Defendant's wife Barbara Delarwelle, to the corporate offices of Plaintiff's security force, SECURCORP, located in Woodbridge, Virginia, for the purpose of harassing and intimidating SECURCORP because of their association and involvement with Plaintiff's plant in Mansfield. SECURCORP has provided security services to Plaintiff at its Mansfield, Ohio steel mill since July 1999. (Pokusa Affidavit, Para. 2, Exhibit A). Thomas Pokusa, President of SECURCORP was working at SECURCORP'S corporate office in Woodbridge, Virginia at this time. (Pokusa Affidavit, Para. 3, Exhibit A). At approximately 3:25 p.m., Mr. Pokusa heard several loud voices coming from the reception area of the office. This area is private property that is leased by SECURCORP. (Pokusa Affidavit, Para. 3, Exhibit A) Mr. Pokusa went into the hallway and observed approximately 8 males and 1 female holding signs and video cameras. The members and/or supporters of the United Steelworkers of America Local 169 (the "Union"), were shouting statements about SECURCORP and its role in the lockout at Mansfield. (Pokusa Affidavit, Para. 3, Exhibit A). Mr. Pokusa identified Raymond Delarwelle as a member of the group. (Pokusa Affidavit, Para. 3, Exhibit A). Mr. Pokusa was then confronted with 3-4 individuals shouting "Fucking Goons". (Pokusa Affidavit, Para. 4, Exhibit A). One of the trespassers (who has not yet been identified) stuck a video camera into Mr. Pokusa's face. Mr. Pokusa informed the group that they were trespassing and instructed them to leave. At this point, the trespasser with the video camera yelled, "you are trespassing in Mansfield." (Pokusa Affidavit, Para. 4, Exhibit A). SECURCORP's corporate attorney, Steve Bamberger, began taking pictures of the individuals with a camera. The group of individuals then left the building and walked to an older model white and gray van approximately 100 yards away and got into the van. (Pokusa Affidavit, Para. 5, Exhibit A). Mr. Bamberger and Mr. Pokusa followed the group in order to get the license plate number from the van. Mr. Bamberger was attempting to take a picture of the front license plant [sic], when the driver, Mr. Delarwelle, accelerated forward and bumped into Mr. Bamberger. (Pokusa Affidavit, Para. 6, Exhibit A). Mr. Bamberger stepped back and Mr. Delarwelle accelerated again and hit Mr. Bamberger a second time with the van. The van left the premises at approximately 3:40 p.m. (Pokusa Affidavit, Para. 6, Exhibit A).
On April 25, 2000, appellant Ray Delarwelle was personally served with a copy of the motion for contempt and of the trial court's notice setting an oral hearing on such motion for May 1, 2000. Following the hearing on appellee's tenth motion for contempt, the trial court, pursuant to an entry filed on May 5, 2000, granted appellee's motion and found that appellant Ray Delarwelle had, on April 14, 2000, violated the Agreed Preliminary Injunction. The court ordered appellant Ray Delarwelle to pay appellee $250.00 and the costs of the proceedings. It is from the trial court's May 5, 2000, entry that appellant Ray Delarwelle prosecutes his appeal, raising the following assignments of error:
 I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONDUCTING [AN] ORAL HEARING ON PLAINTIFF'S TENTH MOTION FOR CONTEMPT PRIOR TO THE SEVEN-DAY REQUIREMENT AS SPECIFIED IN CIVIL RULE 6(D).
 II THE TRIAL COURT ERRED BY FINDING THE DEFENDANT, RAY DELARWELLE, IN CONTEMPT OF THE SEPTEMBER 28, 1999 AGREED PRELIMINARY INJUNCTION ON GROUNDS OTHER THAN WHICH PLAINTIFF HAD REQUESTED IN ITS TENTH MOTION FOR CONTEMPT.
As a preliminary matter, this Court notes that, pursuant to a Judgment Entry filed on August 14, 2000, we held that since the transcript was filed without a motion to supplement, we would not consider the transcript of the proceedings during the merit review of this matter. I Appellant Ray Delarwelle, in his first assignment of error, contends that the trial court erred in conducting an oral hearing on appellee's tenth motion for contempt prior to the seven day requirement set forth in Civ.R. 6(D). As is stated above, appellee filed its motion for contempt against appellant Ray Delarwelle on April 24, 2000. The next day, appellant was personally served with a copy of the motion as well as a copy of the notice stating that an oral hearing on plaintiff's tenth motion for contempt was set for May 1, 2000, which is six days later. Appellant now maintains that the trial court, by setting a hearing before the seven day requirement of Civ.R. 6(D), has committed reversible error. Civ.R. 6(D) states, in relevant part, as follows:"[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed. . .by order of the court." (Emphasis added). Pursuant to such rule, the court, by court order, may set a time period of less than seven days for the hearing. In Re Foreclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766,771. "However, a party is entitled to sufficient notice and time to prepare for the hearing in order to avoid undue prejudice." Id. In the case sub judice, the trial court complied with Civ.R. 6(D) by issuing and serving a notice on April 25, 2000, advising the parties that it was fixing the time for the hearing on appellee's motion in less than seven days. Furthermore, in order to demonstrate reversible error, the complaining party must be prejudiced by the trial court's failure to comply with the notice requirements of Civ.R. 6(D). See Evans v. Evans (April 14, 1993), Hamilton App. No. C-920100, C-920391, unreported. Here, appellant Ray Delarwelle, as the complaining party, has failed to demonstrate how he was prejudiced by the trial court's action in holding the hearing on appellee's motion and notice for contempt six, rather than seven, days after service of the motion on appellant. Appellant, Ray Delarwelle's first assignment of error is, therefore, overruled. II Appellant, in his second assignment of error, argues that the trial court erred by finding him in contempt of the September 28, 1999, Agreed Preliminary Injunction on grounds other than those which appellee had requested in its tenth motion for contempt. Appellant specifically contends that the trial court erred in holding him in contempt for aiding and abetting the other participants involved in the April 14, 2000, incident, when "[n]o mention whatsoever was made in Plaintiff's [appellee's] motion concerning whether or not the defendant [appellant], Ray Delarwelle, should also have been held in contempt for aiding and abetting." The Ohio Supreme Court has held that, in an indirect civil contempt proceeding such as in the case sub judice, notice which apprises the defendant of the nature of the charge against him so that he may prepare a defense is sufficient for due process purposes. Cincinnati v. Cincinnati District Council 51 (1973), 35 Ohio St.2d 197. The motion for contempt filed by appellee on April 24, 2000, in this matter asserted that appellant Ray Delarwelle had wilfully violated "numerous provisions of the September 28, 1999, Agreed Preliminary Injunction, including without limitation, 1, 11, and 13." (Emphasis added). These paragraphs of the Agreed Preliminary Injunction state as follows:
 1. Defendants shall not interfere with, hinder, threaten or intimidate in any manner whatsoever, the officers, agents, employees, representatives, prospective employees, customers and business associates of the other, and other persons having business with them, provided, however, Defendants are permitted to picket in accordance with the restrictions of paragraph #8 of this Agreed Preliminary Injunction.
 11. Defendants shall not commit any acts and/or threats of violence or harassment toward either the persons or property of any officers, agents, employees, prospective employees, customers, or other persons desiring to do business with Plaintiff, likewise, Plaintiff and its agents shall not commit any acts and/or threats of violence or harassment toward Defendant.
 13. Defendants shall not molest or threaten nor shall they follow or trail in any unlawful manner or for any unlawful purpose, any of Plaintiff's carriers, suppliers or others doing business with Plaintiff.
As is set forth in detail in the statement of facts above, appellee's motion also described in detail the alleged events of April 14, 2000, that led to the filing of the motion for contempt. We concur with appellee that the April 24, 2000, motion for contempt clearly apprised appellant Ray Delarwelle both of the nature of the proceedings (civil contempt) and the reason for them (violation of the Agreed Preliminary Injunction). See Cincinnati v. Council, supra. We further find that the motion sufficiently informed appellant Ray Delarwelle of the charges against him so as to enable him to prepare an adequate defense.
Appellant Ray Delarwelle's second assignment of error is, therefore, overruled.
Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
By Milligan, V.J. Hoffman, P.J. concur.
Edwards, J. concurs separately.