{¶ 25} Although I concur in the majority's disposition of the second assignment of error, I respectfully dissent with respect to the decision on the first assignment of error. Specifically, I do not agree with the majority's conclusions that the procedural requirements of Loc.R. 7.14(A) of the Court of Common Pleas of Summit County were not applicable to this case.
 {¶ 26} The language of S.C.C.R. 7.14(A) is clear — it provides that "[w]ithin ten (10) days after receipt of a copy of a motion, except a motion for summary judgment, opposing counselshall prepare and file a response to the motion[.]" (Emphasis added.) "`However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.'"Gibson-Myers Associates, Inc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, at 4, quoting Miller v. Lint (1980),62 Ohio St.2d 209, 215. Therefore, a trial court commits reversible error when it ignores the response time created by the Ohio Rules of Civil Procedure. Gibson-Myers Associates, Inc., at 4 (stating so in regards to Loc.R. 7.14(A)), citing In re Foreclosure ofLiens for Delinquent Taxes (1992), 79 Ohio App.3d 766, 771-72.
 {¶ 27} I believe it is improper for this Court to usurp and short-circuit the explicit requirements of a rule whose substantive provisions are within the province of the Summit County Court of Common Pleas. It is not for this Court to change the rule's force and effect. In fact, this Court has specifically upheld this rule's procedural provisions in the past, characterizing the 10-day requirement in S.C.C.R. 7.14(A) as being "reasonably related to the goal of efficient judicial administration," and thus "validly augmented Ohio's civil rules of procedure." Splitstone v. General Motors Corp. (Nov. 24, 1993), 9th Dist. No. 16213, at 1, quoting and citing Dover v.Morales (Apr. 21, 1993) 9th Dist. No. 15817, at 4-6. Thus, it is somewhat ironic that the majority would find in this particular case that the 14-day waiting period in S.C.C.R. 7.14(A) "does not comport with the purpose of providing for the efficient and expeditious management of cases before the trial court" and essentially consider it unnecessary to comply with the 10-day response time period.
 {¶ 28} In this case, the trial court ruled on Appellee's default motion one day after its filing, and did not provide Appellant with the opportunity to respond within the 10-day time period provided by S.C.C.R. 7.14(A) of the Court of Common Pleas of Summit County. Therefore, while I concur as to the disposition of Appellant's second assignment of error, I would sustain Appellant's first assignment of error. Consequently, I would not rule on the third assignment of error and would remand the case to the trial court on the limited basis explained in my separate opinion.